**Russell Kenton COLEMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–84–072 CR.**

Court of Appeals of Texas, Beaumont.

Dec. 19, 1984.

Rodney Conerly, Port Arthur, for appellant.

John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

OPINION

DIES, Chief Justice.

In a bench trial appellant was convicted of terroristic threat [1] and sentenced to sixty days in jail. Appeal has been perfected to this Court.

Appellant's first ground of error urges the evidence to be insufficient to sustain a conviction. The court suppressed, on motion by appellant, all actions and statements by appellant at the time of and subsequent to his arrest. This, says appellant, leaves no or insufficient evidence to support the conviction.

The Central Dispatcher in Nederland on the night of December 5, 1983, received a call of a disturbance in Port Neches. She dispatched the Port Neches

1. *TEX.PENAL CODE ANN. sec. 22.07* (Vernon Supp.1984):

"(a) A person commits an offense if he threatens to commit any offense involving violence to any person or property with intent to:

(1) cause a reaction of any type to his threat by an official or volunteer agency organized to deal with emergencies;

(2) place any person in fear of imminent serious bodily injury; or

(3) prevent or interrupt the occupation or use of a building; room; place of assembly; place to which the public has access; place of employment or occupation; aircraft, automobile, or other form of conveyance; or other public place; or

(4) cause impairment or interruption of public communications, public transportation, public water, gas, or power supply or other public service."

Police to the address. Officers Cole and Adams arrived at about the same time; Sergeant Reynold, a little later. Cole and Adams testified on arriving that they heard appellant scream, "Get the fuck out of here son of a bitches. I got something for you." At that, they heard a shotgun being pumped.[2] After discussion with the officers, one of them gained access to the house.[3] It was only after this that appellant was placed under arrest. So his screaming and loading the shotgun were done *before* arrest and not in violation of the court's order to suppress. This ground of error is overruled.

Appellant's second ground of error assigns error for the failure of the trial court to dismiss for failure to afford a speedy trial.[4] Under the number 109,960, appellant was charged with reckless conduct on December 7, 1983. Under this charge, appellant signed a waiver of his rights to a speedy trial. That case was dismissed on March 20, 1984. On the same day, under number 111,896, the case on review (terroristic threat) was filed. The judge stated in the record "that in cause number 111,896 there appears to be a docket entry of March 27, 1984 ... where the Assistant District Attorney ... announced the State was ready for trial." The court took judicial notice of both files and that "the Defendant as well as his attorney waived all rights under the Speedy Trial Act in the old cause, 109,960. It is also my understanding that the state of the law is today that the time for speedy trial will not begin to run until the date of the dismissal and then the date of either the Defendant waiv-

ing that right [which did not occur in the terroristic threat case] under the new case or the State announcing ready for trial [which the State did shortly after the terroristic threat case was filed]."

In *Cole v. State*, 650 S.W.2d 818, 820 (Tex.Crim.App.1983), an en banc court addressed this situation:

"The state maintains that the appellant failed to demonstrate that the dismissal of Cause No. 76,260 and the commencement of Cause No. 85,791 was initiated to circumvent the Speedy Trial Act. However, careful reading of the Act leads us to conclude the motives for changing the Cause Numbers is immaterial to determine compliance. The Act addresses and anticipates situations where an indictment/information is dismissed and another is substituted to replace it, both arising from the same transaction. [the situation in the case at bar]

" 'Sec. 4. In computing the time by which the State must be ready for trial, the following periods shall be excluded:

\* \* \* \* \* \*

" '(7) if the charge is dismissed upon motion of the state or the charge is disposed of by a final judgment and the defendant is later charged with the same offense or another offense arising out of the same transaction, the period of delay from the date of dismissal or the date of the final judgment to the date the time limitation would commence running on the subsequent charge had there been no previous charge.'

---

**2.** It was a 12 gauge shotgun found in the bedroom with three shells in it.

**3.** It seems the dispatcher understood from the call (from appellant's sister-in-law) that appellant's wife and four children were being possibly held as hostages. They were not actually in the house at this time. At any rate, the officers wanted to gain entrance to see if they were in the house or in trouble.

**4.** *TEX.CODE CRIM.PROC.ANN. art. 32A.02, sec. 3* (Vernon Pamph.Supp.1984).

The offense of terroristic threat is a Class B misdemeanor [*TEX.PENAL CODE ANN. sec. 22.-*

*07* (Vernon Supp.1984) ], punishable at confinement in jail for a term not to exceed 180 days. [*TEX.PENAL CODE ANN. sec. 12.22(2)* (Vernon 1974) ] Therefore, under the Speedy Trial Act [*TEX.CODE CRIM.PROC.ANN. art. 32A.02, sec. 1(3)* (Vernon Pamph.Supp.1984) ], "A court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within: ... 60 days of the commencement of a criminal action if the defendant is accused of a misdemeanor punishable by a sentence of imprisonment for 180 days or less or punishable by a fine only."

"It is reasonable to infer that by excluding the time between dismissal and the bringing of the new charge the time which elapsed under the first charging instrument is to be included in computation, and we so hold. See *Durrough v. State,* 620 S.W.2d 134 (Tex.Cr.App.1981) at page 139."

*Durrough v. State, supra,* at 139, which the Court refers to with approval, reads thusly:

"This exclusion is designed to prevent abuse of the time limits by the State, and it should be construed to provide that the defendant is entitled to add (to the time on the subsequent charge) the time which expired while the previous charge was pending."

The question we ponder is, What is the time elapsed under the first charging instrument? *Durrough v. State, supra,* at 140, gives us some indication of the Court of Criminal Appeals' attitude:

"In the circumstances of this case we hold that the periods of delay resulting from continuances in the previous cause granted at the request of the defendant were excluded properly from the computation of time in the subsequent cause. *The trial court acted correctly in 'transferring' the waivers.*" (emphasis supplied, footnote omitted)

In the case at bar, the trial judge at the commencement of the trial stated that defendant was first arrested on December 5, 1983. The reckless conduct charge was filed December 7, 1983 (No. 109,960). On December 12, 1983, defendant waived all rights to a speedy trial. The judge pronounced, "I want the record to reflect that I am going to take judicial notice of everything in both files ..." (and the court specifically included the waiver). The reckless conduct charge was dismissed March 20, 1984, and the case we now review, terroristic threat, was filed the same day. Seven days later, on March 27, 1984, the State announced ready for trial. So computing as we perceive the time as directed by our Court of Criminal Appeals, seven days elapsed under the first charge which, added to seven days under the second charge, is fourteen days. This, of course, is less than the sixty days set forth in the Act. This ground of error is overruled.

The judgment of the trial court is affirmed.