STATE OF NEBRASKA, APPELLEE, V. TIMOTHY K. JAMESON, APPELLANT.

395 N.W.2d 744

Filed October 31, 1986.    No. 86-149.

Gary L. Hogg, for appellant.

Robert M. Spire, Attorney General, and LeRoy W. Sievers, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

The appellant, Timothy K. Jameson, was charged in the county court for Kearney County, Nebraska, with driving while intoxicated, third or subsequent offense, in violation of Neb. Rev. Stat. § 39-669.07 (Reissue 1984). Pursuant to a plea bargain, Jameson, accompanied by counsel, entered a plea of no contest. The court subsequently found that Jameson had been previously convicted of more than three prior offenses and sentenced Jameson to 3 months in jail, fined him $500, and suspended and revoked his license to drive for the remainder of his life. The decision of the county court was appealed to the district court for Kearney County, where the decision was in all respects affirmed. It is from that decision that Jameson now appeals to this court.

He assigns as error the following: (1) The trial court erred in accepting Jameson's plea before properly arraigning Jameson on an amended complaint. (2) The trial court erred in holding the enhancement hearing more than 6 months from the date of the alleged crime and the date Jameson was arrested. (3) The trial court erred in receiving in evidence previous convictions at the enhancement hearing, when the dates on the convictions did not conform with the dates alleged in the complaint and did not further comply with certification or authentication requirements. (4) The sentence is excessive.

We have carefully reviewed all of the assignments and find none of them to have merit. For that reason the judgment and sentence are affirmed.

The record discloses that on July 9, 1984, a woman driving northbound on Highway 10 out of Minden, Nebraska, encountered a southbound vehicle traveling in the northbound lane. The vehicle crossed back and forth across the centerline, causing the woman to drive onto the shoulder of the road in order to avoid an accident. Shortly thereafter, the woman returned to Minden. As she approached the intersection of

Highway 10 and U.S. Highway 6, she observed the same vehicle stopped in the middle of the road and noticed that the driver appeared to have "passed out." She contacted the Minden police and reported these facts. The chief of police drove to the scene. Upon arriving there he detected a strong odor of alcohol coming from the driver, whom he determined was Jameson. After Jameson was awakened by the chief of police, he swayed and staggered and needed assistance in maintaining his balance. A breath test was later administered and registered .19 percent blood alcohol content. He was therefore charged with driving while intoxicated, third or subsequent offense, and ordered to appear in court on July 16, 1984. On July 13, 1984, a formal long-form complaint, utilizing the language of § 39-669.07, was filed. It listed five previous convictions with dates of May 1, 1982, June 1, 1980, December 18, 1978, March 27, 1976, and July 17, 1974.

On July 16, 1984, the date on which Jameson was to appear in court, he requested and was granted a continuance. Again, on July 31, 1984, he requested a continuance, which was granted. On August 20, 1984, Jameson and his attorney appeared in court for arraignment. Four individuals were arraigned at the same time. The prosecuting attorney read the names of the parties and stated that they were all present. The court then advised all four of the defendants of their constitutional rights. The record reflects that the trial court was meticulous in explaining all of their rights, the charges then pending against them, and the possible pleas which could be made by the various defendants. Jameson specifically stated that he understood the charge and the possible penalties and acknowledged that his attorney was present.

Jameson's counsel then advised the court that Jameson had not received a copy of the formal complaint prior to arraignment, and requested a continuance. The arraignment was continued until September 17, 1984. On September 6, 1984, Jameson filed a written plea of not guilty, demanding a jury trial. Jameson was then ordered to appear on October 2, 1984, for a pretrial conference. However, on September 26, he requested a continuance, and it was granted until October 23. At that time trial was set for December 11. On November 13

Jameson requested a continuance until December 18, which was granted. While the record does not disclose any further continuances, apparently at least one more continuance was granted, because trial was not held until January 8, 1985.

At the time set for trial, Jameson appeared with his attorney. Pursuant to plea negotiations, he agreed to plead to the underlying offense of driving while intoxicated and to have the enhancement proceedings held at a later date. The State agreed to that, and further agreed not to attempt to seek a revocation of probation that Jameson was then serving on two previous sentences. The court proceeded to accept Jameson's plea of no contest to the underlying charge of driving while intoxicated. Before doing so the trial court again advised Jameson of all of his necessary constitutional rights. The court found that the plea was made voluntarily and accepted it. The court began to inform Jameson of the possible penalties but was interrupted by Jameson's counsel because, apparently, the parties had agreed to postpone the sentencing hearing until another time. Specifically, Jameson waived his right to include the time between the date of the trial and the date of the enhancement proceedings for the purpose of computing time pursuant to the Nebraska speedy trial statute.

On March 11, 1985, an enhancement proceeding was held. The State introduced exhibits 1 through 6, which were certified copies of previous county court convictions for driving while intoxicated. Exhibit 1 is the transcript for a proceeding of an offense committed January 14, 1981. A journal entry reflects that on July 27, 1982, Jameson, in the presence of his attorney, entered a plea of no contest to the charge. Exhibit 2 is the transcript for a proceeding of an offense committed May 1, 1982. A journal entry reflects that on July 27, 1982, with counsel present, Jameson also pleaded no contest to this charge. Exhibit 3 is the transcript for a proceeding in connection with an offense committed June 1, 1980. A journal entry reflects that on June 9, 1981, while counsel was present, Jameson pleaded guilty. Exhibit 4 is the transcript for a proceeding on an offense committed March 27, 1976. A journal entry reflects that on July 15, 1976, with counsel present, Jameson pleaded no contest. Exhibit 5 is the transcript for a

proceeding for an offense committed December 18, 1978. A checklist in the court record reflects that on February 28, 1980, with counsel present, Jameson pleaded guilty. Exhibit 6 is the transcript for a proceeding on an offense committed May 5, 1974. There is an affidavit stating that Jameson was unable to procure counsel and a certificate of appointment of counsel dated July 18, 1974. The record further reflects that on August 1, 1974, Jameson entered a plea of guilty.

The record also reflects that before sentence was imposed Jameson was afforded an opportunity to review all of the records. He stated that he had no objection as to authenticity but objected on the following bases: (1) that there was a lack of foundation; (2) that the dates of the convictions were different from those listed in the complaint; (3) that there was no showing for factual basis for the pleas; (4) that the pleas were not knowing, intelligent, and voluntary; and (5) that the checklist in exhibit 5 was hearsay. On March 22, 1985, the county court found Jameson guilty of third offense driving while intoxicated. The matter was then continued to May 14, 1985, at which time a presentence investigation was received by the court. At this time the court imposed sentence.

While this court is mindful of the fact that counsel has a duty to his or her client, and the court encourages counsel to vigorously and fully defend, the court, nevertheless, must observe that the appeal in this case borders on the frivolous. The record is clear, beyond question, that prior to accepting Jameson's plea, the court, in the presence of his counsel, informed Jameson of all of his necessary constitutional rights, including the nature of the charges against him, the right to confront witnesses against him, the right to a jury trial, and the privilege against self-incrimination. See *State v. Irish,* 223 Neb. 814, 394 N.W.2d 879 (1986). The record makes it clear that Jameson's plea of no contest was made freely, voluntarily, and knowingly, and any claim to the contrary is wholly unsupported by the record.

Jameson's claim that the court erred in holding the enhancement hearing more than 6 months from the date of the alleged crime has absolutely no merit at all. In the first instance the record discloses that he specifically requested all of the

continuances, including the time for imposing sentence, and specially waived any objection. While one might say that the court was more lenient with Jameson than it should have been, one cannot say that Jameson's right to a speedy trial under either Nebraska law or the U.S. Constitution was violated. Neb. Rev. Stat. § 29-1207(4)(b) (Reissue 1985) clearly provides that in computing the time for trial the period of delay resulting from a continuance granted at the request of the defendant or his counsel is excluded. In this case that amounts to 80 days. On that basis Jameson was required to have been *tried* by March 30, 1985. In fact, he was tried on January 8, 1985. The right to a speedy trial does not include the time after the defendant has been found guilty and before he is sentenced.

The language of § 29-1207 reads as follows: "(1) Every person indicted or informed against for any offense shall be *brought to trial* within six months . . . ." (Emphasis supplied.) There then follow certain exceptions, including "[t]he period of delay resulting from a continuance granted at the request . . . of the defendant . . . ."

Nor does a delay occasioned by the various requests made by the defendant constitute a violation of a defendant's right to a speedy trial under the sixth amendment to the U.S. Constitution. It would be a strange anomaly if a defendant could first ask for a series of continuances and then be immune from prosecution because he had not been granted a speedy trial. Even under the most liberal view of the sixth amendment, that argument will not "hold water." The assignment of error is simply without basis.

Jameson's third assignment of error is, likewise, without merit. He maintains that the previous convictions should not have been received in evidence, principally because the dates set out in the complaint did not correspond with the dates of the previous convictions. Unfortunately, the complaint alleged that *prior convictions* occurred on May 1, 1982, June 1, 1980, December 18, 1978, March 27, 1976, and July 17, 1974. While it is true that the convictions were entered on dates other than those listed in the complaint, the dates listed, other than the July 17, 1974, date, were in fact the dates on which each of the offenses was committed. The July 17, 1974, date was in error.

However, in view of the fact that there were more than two prior convictions without the July 17, 1974, event, it may be disregarded. Jameson was fully advised of the previous convictions the State intended to rely upon in proving that this was at least a third offense. Not only did the State seek to offer into evidence the prior convictions but in each instance introduced what appear to be the entire proceedings, including the complaint, any requests for continuances, and the judgment. In each instance the record reflects that Jameson was represented by counsel when he entered his plea to charges as set out in the complaint.

A reading of § 39-669.07 makes it clear that the substantive offense is driving while under the influence of alcohol or with more than .10 percent of alcohol in one's body fluid. The number of times a person has previously been convicted of such a charge is not itself a crime but, rather, is a factor which the trial court is to consider in imposing sentence. To that extent it is similar to our habitual criminal act, Neb. Rev. Stat. § 29-2221 (Reissue 1985). One is not sentenced for the crime of being a habitual criminal. Instead, the sentence imposed for violating some law of this state is enhanced because the defendant has previously been convicted. *State v. Rolling*, 209 Neb. 243, 307 N.W.2d 123 (1981). The same is true with regard to driving while under the influence of alcohol. See, also, *State v. Helgeson*, 235 Kan. 534, 680 P.2d 910 (1984); *State v. Nelson*, 178 Mont. 280, 583 P.2d 435 (1978); *State v. Carpenter*, 29 Or. App. 879, 565 P.2d 768 (1977).

And just as a wrong date in an information will not preclude a defendant from being sentenced as a habitual criminal if the record discloses the defendant could not have been misled or confused, so, too, a wrong date in a complaint will not preclude a defendant from being sentenced as one who has previously been convicted of driving while under the influence of alcohol if the record discloses that the defendant could not have been misled or confused.

In *State v. Harig*, 192 Neb. 49, 55-57, 218 N.W.2d 884, 889-90 (1974), we said:

[T]he Habitual Criminal Act does not create a new and separate criminal offense . . . but provides merely that the

repetition . . . aggravates the guilt and justifies greater punishment . . . . Under this act, the inaccurate allegation of the date or time of a prior felony would have no effect with respect to the sufficiency of the information as to its allegation of the principal or underlying felony or felonies. As to such felonies the time of a prior conviction is only a historical fact. . . .

. . . While it is undoubtedly desirable and helpful to have the dates of the prior felonies alleged in the information charging a defendant with being an habitual criminal, we do not find that the absence of such allegation would necessarily render the information invalid. . . . [I]t is necessary to read the provisions of the Habitual Criminal Act . . . with the provision of section 29-1501 . . . : "No indictment shall be deemed invalid, nor shall the trial, judgment or other proceedings be stayed, arrested or in any manner affected . . . for omitting to state the time at which the offense was committed in any case where time is not the essence of the offense; nor for stating the time imperfectly . . . ." [U]nder Nebraska law, informations are generally subject to the same requirements as are indictments. . . . It is clear that the exact time of the commission of an alleged prior felony is not of the essence of a charge . . . and the failure of the information in this case to state accurately the time of a prior felony does not render that information insufficient . . . .

. . . This is not to say that evidence need not be presented to establish the exact time or date of the prior felony or felonies generally alleged. But we see no constitutional problems in this regard so long as means are and were provided for the defendant to obtain the information relative to the specific dates of the offenses relied upon as prior felonies . . . .

In the instant case the record is clear that Jameson could not have been misled or confused. If anything, he was probably better informed by being told the date the offense was committed rather than the date of the conviction, which was delayed by Jameson's requests for continuances. The claim of

error is without merit.

Jameson's other claims of error in connection with the enhancement hearing are likewise without merit. Clearly, the records were properly authenticated and admissible into evidence without further foundation. Moreover, each record reflected that Jameson was represented by counsel at each proceeding. That is all that the State has the burden of proving before offering the previous records. See, *State v. Hamblin*, 223 Neb. 469, 390 N.W.2d 533 (1986); *State v. Fraser*, 222 Neb. 862, 387 N.W.2d 695 (1986). If in fact other deficiencies existed, the burden was upon Jameson to come forward with the evidence. See § 39-669.07. This he did not do.

And, finally, Jameson argues that the sentence is excessive. The sentence was required by the provisions of § 39-669.07. Subsequently, it is true, the Legislature did amend the statute to provide that

[a]ny person who prior to April 19, 1986, has had his or her motor vehicle operator's license revoked for life pursuant to section 39-669.07 or 39-669.08 may submit an application to the court for a reduction of such lifetime revocation. The court in its discretion may reduce such revocation to a period of fifteen years.

Neb. Rev. Stat. § 39-669.38 (Cum. Supp. 1986). We believe that the county court which originally sentenced Jameson should be afforded the opportunity to exercise that discretion, and therefore we do not modify the order, subject, however, to Jameson's right to petition the county court for Kearney County, Nebraska, for a reduction in sentence.

In view of the fact that there is no error, the judgment and sentence are affirmed.

AFFIRMED.

BOSLAUGH and WHITE, JJ., concur in the result.