McMILLIN, C.J., for the Court:
¶ 1. This case comes before the Court on appeal from the Circuit Court of Yalobu-sha County. The appellant, Michael Haire, stands convicted in a jury trial of one count of gratification of lust by touching or rubbing a child under the age of fourteen years. He appeals raising four issues, none of which we consider to have merit. Therefore, we affirm Haire’s conviction and judgment of sentence.
I.
Facts
¶ 2. Haire’s natural daughter was, in 1997, living in foster care when she related to her foster parents certain information regarding possibly improper behavior by her father during the time she was living with him. Insofar as the facts could be reconstructed, these alleged events appeared to have occurred in May 1994, at a time when the child was seven years old. The foster parents reported the information provided by the child to Department of Human Services personnel. As a result, the child was interviewed by a case worker, examined by a medical doctor specializing in pediatrics, and seen by a licensed social worker with experience in the area of sexually abused children. Based on information obtained from the child in these settings, law enforcement officials determined to charge Haire with gratification of lust and he was indicted for that crime on March 11, 1998. He was subsequently tried in a jury trial that commenced on July 20,1998.
¶ 8. At trial, the child, who was by that time eleven years of age, testified in person. She related that her father would, during the time she was still living with him, force her to sit on his lap and that he would repeatedly thrust against her buttocks with his pelvic area. She testified to feeling a hard object pushing against her buttocks when Haire was undertaking this activity, indicating apparently that Haire had an erection at such times. The case worker, physician and licensed social worker were permitted to testify as to the version of those events previously related to them by the child, all over a timely hearsay objection by the defendant.
¶ 4. The jury returned a verdict of guilty. Haire filed separate post-verdict motions seeking a new trial in one motion and a JNOV in the other. The trial court denied both, motions and Haire perfected this appeal. We will now proceed to consider the issues he claims warrant a reversal of his conviction.
II.
The First Issue: A Speedy Trial Claim
¶ 5. Haire moved to dismiss the indictment, alleging, without more specificity, that “his speedy trial rights have been violated.” Haire did not indicate whether the delay in bringing him to trial was contrary to this State’s statutory speedy trial provisions found in Mississippi Code Section 99-17-1, or whether he was invoking his constitutional right to a speedy trial guaranteed him by the Sixth Amendment to the Constitution of the United States made applicable to state prosecutions by the Fourteenth Amendment. The trial court denied his motion after analyzing the delays from both aspects. We agree that there was no speedy trial violation on these facts.
¶ 6. Section 99-17-1 provides only that a criminal defendant must be brought to trial within 270 days of his arraignment (unless good cause is shown for longer delays). Miss.Code Ann. § 99-17-1 (Rev. 1994). In this case, Haire waived arraignment on March 12, 1998, and his trial *1133 began on July 20, 1998. There was no statutory violation.
¶ 7. Constitutional considerations under the Sixth Amendment begin from the time of arrest. Giles v. State, 650 So.2d 846, 850 (Miss.1995). Haire was not arrested on these charges prior to his indictment on March 11, 1998. Haire was served with the capias on the same day his indictment was filed. Insofar as the record reveals, this is the first firm indication Haire had that he was in criminal jeopardy for his alleged prior activity with his daughter. We can discover no prejudice occurring to him arising during the brief period from March 11, 1998, until the time his trial began on July 20 of that same year.
¶8. Haire’s real complaint involves the time that elapsed between the alleged events that formed the basis for the criminal charge and the time he was brought to trial. The right to complain of pre-arrest delays in prosecution arise under the due process clause of the Fifth Amendment and not under the speedy trial provisions of the Sixth Amendment. U.S. v. Lovasco, 431 U.S. 783, 788, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); U.S. v. Marion, 404 U.S. 307, 313, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). In U.S. v. Marion, the United States Supreme Court found that a delay by the State in commencing a criminal prosecution could raise due process concerns, but only if (a) the pre-indictment delay actually prejudiced the defendant and (b) the State was purposefully delaying initiation of formal prosecution to gain some tactical advantage. Marion, 404 U.S. at 324, 92 S.Ct. 455.
¶9. Haire has faded to satisfy either prong of the Marion test in this case. The only claim of prejudice advanced at the hearing to dismiss was that he could not locate his former wife, whom he believed would testify favorably to him. That witness, as things turned out, did appear at trial and testify as a defense witness. Secondly, there was no evidence indicating that the State purposely delayed bringing formal charges against Haire. To the contrary, all the evidence indicates that, once responsible officials became aware of the alleged events related by the child, the matter was pursued with all reasonable diligence.
¶ 10. Thus, we find Haire’s assertion that he was denied a speedy trial to be without merit.
III.
The Second Issue: Admission of Hearsay Statements by the Victim
¶ 11. Haire claims that the trial court erred in admitting out-of-court statements made by the alleged victim recounting her version of Haire’s activities to the DHS case worker, a treating physician, and a licensed social worker. The trial court, in hearings outside the presence of the jury, heard a proffer of the intended testimony of each of these individuals prior to ruling on admissibility.
¶ 12. The case worker’s testimony was admitted under the “child of tender years” exception set out in Mississippi Rule of Evidence 803(25). The trial court had noted that the child had, in fact, testified at the trial and then engaged in a detailed on-the-record analysis of the twelve factors mentioned in the comment to the rale that bear on the question of whether “the time, content, and circumstances of the statement provide[d] substantial indicia of reliability .... ” Mississippi Rule Evidence 803(25); Mississippi Rule Evidence 803 cmt. 25. The court then concluded, on balance, that the factors weighed in favor of admission of the evidence. We have reviewed the trial court’s analysis and can find no flaw that would suggest our duty to intercede.
¶ 13. The court ruled the statements made to the doctor admissible under Mississippi Rule of Evidence 803(4) as being given in furtherance of obtaining medical treatment or diagnosis. Mississippi Rule Evidence 803(4). There is ample *1134 support in case law for admitting a victim’s statements concerning the nature of sexual abuse and the identity of the perpetrator under this rule. Eakes v. State, 665 So.2d 852, 866 (Miss.1995); Doe v. Doe, 644 So.2d 1199, 1205-06 (Miss.1994). We can find no error in the trial court’s handling of this evidence.
¶ 14. The licensed social worker’s testimony was also admitted under Mississippi Rule of Evidence Rule 803(25) and, as in the case worker’s testimony, only after the trial court conducted the necessary preliminary inquiry out of the jury’s presence. Our review of the record convinces us that the trial court handled the matter properly from a procedural standpoint and that his decision to admit the testimony was a decision well within the discretion given to a trial judge to control the flow of evidence at trial. See Wade v. State, 583 So.2d 965, 967 (Miss.1991).
¶ 15. Haire’s claim that he was denied a fundamentally fair trial because of the jury’s consideration of inadmissible hearsay testimony is without merit.
IV.
The Third Issue: Inadmissible Opinion Evidence
¶ 16. Haire’s brief assigns as his third issue the following: “The Court erred in allowing the witness, Mr. Paul Davey, to testify and give his opinion that the minor child, [name omitted], had been sexually abused.” However, in the body of his argument on this issue, Haire confines himself to assertions that Davey’s overall testimony was inadmissible based on considerations of hearsay and relevancy. We have already discussed the lack of merit in the hearsay objection since the evidence was admitted as an exception to the hearsay rule under Mississippi Rule of Evidence 803(25). Haire does not, in his brief, suggest why Davey’s testimony concerning statements related to him by the child were not relevant.
¶ 17. Even if merely posing the issue of whether Davey was competent to render an opinion on whether the victim had been sexually abused were enough to require us to consider it, we would be forced to conclude that the matter was waived because of defense counsel’s failure to interpose a timely objection on that particular ground at trial. See Mississippi Rule Evidence 103(a)(1).
V.
The Fourth Issue: The Sufficiency of the Evidence of Guilt
¶ 18. Urging that the trial court erred in denying his request for a jury instruction directing a verdict of not guilty and in subsequently denying his JNOV motion, Haire asserts that the evidence of his guilt was insufficient to sustain a guilty verdict. Haire’s specific attack on the sufficiency of the evidence centers on the proposition that his former wife testified that, at the time alleged in the indictment for the offense, the parties had already separated and Haire did not have access to the child. The jury sits as fact-finders in a criminal proceeding and is charged with assessing the credibility of the witnesses and deciding what weight to give to any particular testimony. Ward v. State, 726 So.2d 223 (¶ 17) (Miss Ct.App.1998). Haire’s former wife offered no corroboration concerning the date the parties had separated beyond her mere assertion. We conclude that it was within the province of the jury, in the face of credible evidence that the events described by the victim had, in fact, occurred, to conclude that this witness was either mistaken or purposely misleading in her testimony concerning that matter.
¶ 19. Additionally, assuming that the jury found this witness’s testimony to be entirely accurate and believable, it would not necessarily require us to reverse. It is often the case in child sexual abuse prosecutions that the State cannot prove with absolute certainty the specific date of an alleged occurrence. See, e.g., Eakes, 665 So.2d at 860; Morris v. State, 595 So.2d 840, 841-42 (Miss.1991). This is *1135 so because a younger child, though quite competent to recall and relate the event, may not fully grasp concepts of time and date that only come with increasing maturity. The evidence from the child indicated that the events leading up to the criminal charge occurred at a time when the defendant had access to the child. There is nothing in the facts of the case that makes May 1994 a critical date pivotal to the issue of guilt or innocence. Haire does not deny ample access to the child in the time leading to the parties’ separation. Haire’s former wife admitted that the separation occurred some time in the early months of 1994. Thus, we conclude that the jury could have accepted the witness’s testimony and nevertheless convicted Haire if it concluded that the events described by the victim actually occurred but that they occurred a month or two earlier than the date charged in the indictment.
¶ 20. Since the exact time of the occurrence of the incident was not an essential element of the State’s proof, we find Haire’s challenge to the sufficiency of the evidence based solely on evidence that he had separated from his wife prior to May 1994 to be without merit.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF YALOBUSHA COUNTY OF CONVICTION OF TOUCHING AND HANDLING A CHILD FOR LUSTFUL PURPOSES AND SENTENCE OF TEN YEARS WITH THREE YEARS SUSPENDED ON UNSUPERVISED PROBATION WITH CONDITIONS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO YALOBUSHA COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ„ CONCUR.
MOORE, J., NOT PARTICIPATING.