State of Nebraska, appellee, v. Logan Hettle, appellant.
___ N.W.2d ___

Filed June 6, 2014.    No. S-13-661.

1. **Judgments: Speedy Trial: Appeal and Error.** As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.

2. **Statutes: Appeal and Error.** The meaning and interpretation of a statute are questions of law, which an appellate court reviews independently of the lower court.

3. **Speedy Trial: Other Acts.** If a defendant is not brought to trial before the running of the time for trial under Neb. Rev. Stat. § 29-1207 (Cum. Supp. 2012), as extended by excluded time periods, the defendant shall be entitled to absolute discharge from the offense charged and for any other offense required by law to be joined with that offense.

4. **Speedy Trial: Complaints: Indictments and Informations.** For cases commenced with a complaint in county court but thereafter bound over to district court, the 6-month statutory speedy trial period does not commence until the filing of the information in district court.

5. **Speedy Trial: Complaints.** In cases commenced and tried in county court, the 6-month period within which an accused must be brought to trial begins to run on the date the complaint is filed.

6. **Speedy Trial.** It is axiomatic that under the speedy trial statutes, an accused cannot and should not be permitted to take advantage of a delay where the accused is responsible for the delay by either action or inaction.

7. **Speedy Trial: Indictments and Informations: Lesser-Included Offenses.** Under the tacking-and-tolling approach, the time between dismissal of an information and refiling is not includable, or is tolled, for purposes of the statutory 6-month period. However, any nonexcludable time that passed under the original information is tacked onto any nonexcludable time under the refiled information, if the refiled information alleges (1) the same offense charged in the previously dismissed information, (2) an offense committed simultaneously with a lesser-included offense charged in the information previously dismissed by the State, or (3) commission of a crime that is a lesser-included offense of the crime charged in the previously dismissed information.

8. **Speedy Trial: Indictments and Informations: Complaints.** If the amendment to the complaint or information does not change the nature of the charge, then the time continues to run against the State for purposes of the speedy trial act.

9. **Indictments and Informations: Complaints: Other Acts.** If the second complaint alleges a different crime, without charging the original crime(s), then it is an amended complaint or information and it supersedes the prior complaint or information.

10. **____: ____: ____.** The original charges have not been "abandoned" or "dismissed" when an amended complaint or information continues to make those charges, but additionally charges a different crime.

11. **Speedy Trial.** If there is no abandonment or dismissal of charges, a tacking-and-tolling analysis is superfluous to those charges.

12. **Speedy Trial: Indictments and Informations.** It is logically inconsistent that time pending under abandoned and dismissed charges ought to tack onto time pending under the amended information that supposedly abandoned and dismissed those very same charges.

13. **Indictments and Informations: Complaints.** While two complaints or informations cannot coexist at the same moment, it does not necessarily follow that every act or motion made under a superseded complaint or information is dismissed, abandoned, or extinguished by operation of law.

14. **Indictments and Informations: Other Acts.** A prior defense motion for indefinite continuance remains effective as to all charges in an amended information when the amended information charges some of the same crimes as the preceding information, as well as additional crimes unrelated to the same facts of the preceding information.

15. **Speedy Trial: Statutes: Intent: Waiver: Appeal and Error.** There is no language in Neb. Rev. Stat. § 29-1207(4)(b) (Cum. Supp. 2012) indicating intent to limit the scope of the waiver provided therein, and an appellate court will not read into the statute a meaning that was not there.

16. **Motions for Continuance: Indictments and Informations.** Without severance of the individual charges from the pending prosecution, a motion for continuance is not applied piecemeal to certain charges under the information, but not to others.

17. **Constitutional Law: Speedy Trial.** The constitutional right to a speedy trial is guaranteed by U.S. Const. amend. VI and Neb. Const. art. I, § 11. The constitutional right to a speedy trial and the statutory implementation of that right exist independently of each other.

18. ____: ____. Neb. Rev. Stat. § 29-1207 (Cum. Supp. 2012) provides a useful standard for assessing whether the length of a trial delay is unreasonable under the U.S. and Nebraska Constitutions.

19. **Speedy Trial: Words and Phrases.** A speedy trial, generally, is one conducted according to prevailing rules and proceedings of law, free from arbitrary, vexatious, and oppressive delay.

20. **Speedy Trial: Waiver.** If delay is attributable to the defendant, then the defendant's waiver of his or her right to a speedy trial may be given effect under standard waiver doctrine.

21. **Attorney and Client: Time.** Because the attorney is the defendant's agent when acting, or failing to act, in furtherance of the litigation, delay caused by the defendant's counsel is charged to the defendant.

22. **Constitutional Law: Speedy Trial.** Barring extraordinary circumstances, a defendant's constitutional right to a speedy trial is not denied when the defendant does not want a speedy trial.

23. **Constitutional Law: Criminal Law: Pretrial Procedure: Time.** The Fifth Amendment has only a limited role to play in protecting against oppressive delay in the criminal context.

Appeal from the District Court for Seward County: JEFFRE CHEUVRONT, District Judge, Retired. Affirmed.

James R. Mowbray and Sarah P. Newell, of Nebraska Commission on Public Advocacy, for appellant.

Jon Bruning, Attorney General, and Kimberly A. Klein for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, McCORMACK, MILLER-LERMAN, and CASSEL, JJ.

McCORMACK, J.

## NATURE OF CASE

The defendant appeals from the denial of his motion for absolute discharge, alleging that the delay in bringing him to trial violated his statutory and constitutional rights to a speedy trial and his right to due process. At issue is whether the defendant's indefinite motion for continuance was automatically extinguished by the State's amended information, thereby relieving the defendant of his duty under Neb. Rev. Stat. § 29-1207(4)(b) (Cum. Supp. 2012) to give notice of request for trial in order to end the continuance and its accompanying statutory waiver of the right to a speedy trial. We affirm the judgment of the district court.

## BACKGROUND

On November 12, 2010, a complaint was filed in county court alleging seven counts against Logan Hettle. Count 1 was sexual penetration of T.S. without consent on or about August 1 through 31, 2009. Count 2 was knowingly restraining or abducting T.S on or about August 1 through 31, 2009. Count 3 was sexual penetration of L.F. without consent on or about July 4 through August 31, 2010. Count 4 was sexual contact of L.F. without consent on or about July 4 through August 31, 2010. Count 5 was sexual contact of T.S. without consent on or about August 1 through 31, 2009. Count 6 was attempted sexual contact of A.S. without consent on or about October 5, 2009. Count 7 was sexual contact of C.N. without consent on or about June 1 through August 31, 2008.

On January 19, 2011, counts 1 through 3 were bound over to district court and counts 4 through 7 were dismissed. On February 2, the State filed an information in district court charging four counts against Hettle. Count 1 charged sexual penetration of T.S. without consent on or about August 1 through 31, 2009, a Class II felony. Count 2 charged restraining or abducting T.S. under terrorizing circumstances or risk of serious bodily injury on or about August 1 through 31, 2009, a Class IIIA felony. Count 3 charged sexual penetration of L.F. without consent on or about July 4 through August 31, 2010, a Class II felony. Count 4 charged sexual contact of L.F. without consent on or about July 4 through August 31, 2010, a Class I misdemeanor.

Hettle was arraigned. On February 14, 2011, defense counsel filed a motion to transfer to juvenile court, which was denied on April 12. A defense motion for discovery made on June 1 was ruled on June 27. On July 19, the court appointed the Commission on Public Advocacy (the Commission) to represent Hettle. On July 21, the Commission asked for a continuance for research and discovery, with no stated end date. On August 4, the Commission moved for release of a video, which was ordered released on August 5.

On December 12, 2011, the State filed an amended information alleging five counts. Count 1 was identical to count 1 of the original information. Count 2 charged the same crime of sexual penetration of L.F. without consent, but extended the date range to May 1 through September 31, 2009. Count 3 charged the same crime of sexual penetration of L.F. without out consent, but narrowed the date to on or about July 4, 2010. Count 4 increased the charge to sexual penetration of L.F. without consent, a Class II felony, and narrowed the date to on or about August 6, 2010. Count 5 charged attempted sexual assault of A.S. on or about October 5, 2009, a Class II misdemeanor.

On December 30, 2011, Hettle moved to sever counts 1 and 5 from counts 2 through 4.

For reasons that are not clear from the record, on March 28, 2012, a probable cause hearing was held in county court wherein the court found probable cause as to counts 1 through

4, but dismissed count 5 of the amended information. Hettle's objection to the county court's jurisdiction was overruled, and the case was bound over again to district court.

On October 22, 2012, the district court denied Hettle's December 30, 2011, motion to sever. That same date, the court scheduled trial for April 2 through 5, 2013. Hettle lodged no objection to the proposed trial date. Instead, when the district court asked the Commission, "Unless you have time earlier, then we could bump somebody else," the Commission replied, "It's up to the Court. I don't know what you want to do. That's fine, Judge."

On April 1, 2013, Hettle filed a motion for absolute discharge under § 29-1207(3); article I, § 11, of the Constitution of the State of Nebraska; and the 5th, 6th, and 14th Amendments to the U.S. Constitution. Hettle has been free on bail during the entire pendency of the charges against him. The court denied the motion for discharge, and Hettle appeals.

## ASSIGNMENT OF ERROR

Hettle assigns that the district court erred in overruling his motion for absolute discharge.

## STANDARD OF REVIEW

[1] As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.[1]

[2] The meaning and interpretation of a statute are questions of law, which we review independently of the lower court.[2]

## ANALYSIS

### STATUTORY RIGHT TO
### SPEEDY TRIAL

[3-5] If a defendant is not brought to trial before the running of the time for trial under § 29-1207, as extended by excluded time periods, the defendant shall be entitled to

---

[1] *State v. Mortensen*, 287 Neb. 158, 841 N.W.2d 393 (2014).

[2] See *id*.

absolute discharge from the offense charged and for any other offense required by law to be joined with that offense.[3] For cases commenced with a complaint in county court but thereafter bound over to district court, the 6-month statutory speedy trial period does not commence until the filing of the information in district court.[4] In cases commenced and tried in county court, the 6-month period within which an accused must be brought to trial begins to run on the date the complaint is filed.[5]

[6] It is axiomatic that under the speedy trial statutes, an accused cannot and should not be permitted to take advantage of a delay where the accused is responsible for the delay by either action or inaction.[6] Section 29-1207(4)(b) specifically provides that the period of delay resulting from a continuance granted at the request or with the consent of the defendant or his or her counsel is to be excluded in computing the time for trial. A 2010 amendment to § 29-1207(4)(b) further elaborates:

A defendant who has sought and obtained a continuance which is indefinite has an affirmative duty to end the continuance by giving notice of request for trial or the court can end the continuance by setting a trial date. When the court ends an indefinite continuance by setting a trial date, the excludable period resulting from the indefinite continuance ends on the date for which trial commences. A defendant is deemed to have waived his or her right to speedy trial when the period of delay resulting from a continuance granted at the request of the defendant or his

---

[3] See Neb. Rev. Stat. § 29-1208 (Cum. Supp. 2012).

[4] See, *State v. Karch*, 263 Neb. 230, 639 N.W.2d 118 (2002); *State v. Boslau*, 258 Neb. 39, 601 N.W.2d 769 (1999).

[5] *State v. French*, 262 Neb. 664, 633 N.W.2d 908 (2001); *State v. Hutton*, 11 Neb. App. 286, 648 N.W.2d 322 (2002). See, also, *State v. Curry*, 18 Neb. App. 284, 790 N.W.2d 441 (2010).

[6] See, *State v. Mortensen, supra* note 1; *State v. Turner*, 252 Neb. 620, 564 N.W.2d 231 (1997). See, also, *State v. Fatica*, 214 Neb. 776, 336 N.W.2d 101 (1983), *overruled on other grounds, State v. Murphy*, 225 Neb. 797, 587 N.W.2d 384 (1998).

or her counsel extends the trial date beyond the statutory six-month period.

In *State v. Mortensen*,[7] we explained that § 29-1207(4)(b) "provides for a permanent waiver of the statutory right to a speedy trial." We observed that "[t]here is no language in the statute that indicates an intent to limit the scope of the waiver provided therein," and we refused to read into the statute a meaning that was not there.[8]

Hettle concedes that when the newly appointed Commission filed its motion to continue on July 21, 2011, the 6-month statutory period had not yet run. The motion stated:

> COMES NOW [Hettle], by and through counsel and moves this Court to continue the trial currently scheduled for August 2, 2011 for the reason that the . . . Commission . . . was appointed to represent [Hettle] on July 19, 2011 and that further time is needed for case research and discovery purposes.

The motion was for an indefinite continuance.[9] The district court granted the motion.

Hettle never gave the district court notice thereafter of request for trial. Although the court eventually set a trial date, due to Hettle's motion for discharge, trial has not commenced. The district court, in denying Hettle's motion for absolute discharge under § 29-1207, concluded that the continuance has not ended and that Hettle waived his right to a speedy trial. We agree.

Hettle gives no particular reason why his counsel failed to give the district court notice of request for trial. He instead presents a complex argument as to how the State's amendment of the charges on December 12, 2011, operated as a matter of law to abandon and dismiss the original information and thereby extinguish his motion for indefinite continuance. At the same time, Hettle argues that the nonexcludable time that passed under the original information should be tacked onto

---

[7] *State v. Mortensen, supra* note 1, 287 Neb. at 165, 841 N.W.2d at 400.

[8] *Id.*

[9] See, *State v. Schmader*, 13 Neb. App. 321, 691 N.W.2d 559 (2005); *State v. Dailey*, 10 Neb. App. 793, 639 N.W.2d 141 (2002).

the nonexcludable time that passed under the amended information. With such extinguishment of the motion for continuance and tacking of nonexcludable periods, Hettle argues the 6-month statutory period was exceeded by January 2013.[10]

[7] Hettle's arguments stem from case law in which we combined tacking and tolling in calculating the 6-month statutory speedy trial period. Under this tacking-and-tolling approach, the time between dismissal of an information and refiling is not includable, or is tolled, for purposes of the statutory 6-month period.[11] However, any nonexcludable time that passed under the original information is tacked onto any nonexcludable time under the refiled information, if the refiled information alleges (1) the same offense charged in the previously dismissed information, (2) an offense committed simultaneously with a lesser-included offense charged in the information previously dismissed by the State, or (3) commission of a crime that is a lesser-included offense of the crime charged in the previously dismissed information.[12] Without this approach, whenever a prosecutor desired a postponement of trial beyond the statutory 6-month period, the State could regularly evade the Nebraska speedy trial act simply by dismissing a charge and refiling the same charge to acquire a new 6-month period.[13]

In *State v. French*,[14] we considered what periods of time are tacked onto a refiled complaint charging the same offense as the original complaint when an intervening amended complaint had dropped the original charged offenses in favor of different offenses. Put another way, we considered whether the period of time before dismissal that was pending under an amended complaint that charged none of the same crimes as the refiled complaint was, like a period during actual

---

[10] See brief for appellant at 12.

[11] *State v. Batiste*, 231 Neb. 481, 437 N.W.2d 125 (1989), *disapproved on other grounds*, *State v. Pettit*, 233 Neb. 436, 445 N.W.2d 890.

[12] See *State v. Sumstine*, 239 Neb. 707, 478 N.W.2d 240 (1991). See, also, *State v. Trammell*, 240 Neb. 724, 484 N.W.2d 263 (1992).

[13] See *State v. Sumstine, supra* note 12.

[14] *State v. French, supra* note 5.

dismissal, tolled for purposes of the statutory speedy trial calculation. We held that only the nonexcluded time pending under the original complaint that charged the same offenses as the refiled complaint could be tacked with the time pending under the refiled complaint. The speedy trial clock did not run during the period of the abandoned amended complaint.

[8,9] We said in *French* that the amended complaint, which "charges a different crime, without charging the original crime(s)," acted as a "dismissal" or "abandonment" of the original complaint.[15] We explained in this regard that a distinction should be made between an "*amendment to*" a complaint or information and an "*amended*" complaint or information, stating:

> If the amendment to the complaint or information does not change the nature of the charge, then obviously the time continues to run against the State for purposes of the speedy trial act. If the second complaint alleges a different crime, without charging the original crime(s), then it is an amended complaint or information and it supersedes the prior complaint or information.[16]

From this tacking-and-tolling case law, Hettle asserts four legal premises. First, Hettle asserts that an information alleging a different crime, but also alleging the original crimes, is an "amended" information, not an "amendment to" the information, and therefore operates as a dismissal and abandonment of the original information in its entirety. Second, Hettle asserts that if the original information is thus dismissed and abandoned, any outstanding defense motions are automatically extinguished. Third, Hettle asserts that nonexcluded time pending in the district court under a dismissed and abandoned information was not, like his motions, extinguished, and must be tacked onto the time pending for the same charges under the amended information. Finally, in contravention of the authority already set forth above,[17] Hettle asserts that the time the

---

[15] *Id*. at 670, 633 N.W.2d at 914.

[16] *Id*.

[17] See, *State v. Karch, supra* note 4; *State v. Boslau, supra* note 4.

"new" misdemeanor charge was pending briefly in county court should be tacked to the time pending for that charge under the amended information in district court.

Applying these assertions more specifically to the facts of this case, Hettle argues that all the felony counts of the amended information relate to the same incidents or were committed simultaneously with the felonies alleged in the original information. The State agrees. Hettle then asserts that the misdemeanor charge was never properly dismissed by the county court. Again, the State agrees. Hettle asserts that the addition of this new misdemeanor charge transformed the amended information into a dismissal and abandonment of the original information, pursuant to *French*. Here, the State and Hettle part ways.

Hettle concedes that the prolonged period of time his motions were pending in district court under the amended information were excludable; therefore, extinguishing his indefinite continuance, alone, would not put the trial beyond the 6-month statutory period. Hettle asserts, however, that the period of nonexcludable time pending for the felony charges under the original information in district court and the nonexcludable time the misdemeanor charge was pending in county court should be tacked onto the nonexcludable time pending under the amended information. The State has characterized this as Hettle's trying to "have [his] cake and eat it, too."

We have never addressed tacking and tolling when the amended information charges a different crime but also the original crimes. We begin by observing that other courts consistently hold under such circumstances that the original and new charges run on different speedy trial clocks, so long as the "new" charge was not one required to be joined with the original charges under double jeopardy principles.[18] The

---

[18] See, *U.S. v. Walker*, 545 F.3d 1081 (D.C. Cir. 2008); *U.S. v. Young*, 528 F.3d 1294 (11th Cir. 2008); *U.S. v. Alford*, 142 F.3d 825 (5th Cir. 1998); *United States v. Heldt*, 745 F.2d 1275 (9th Cir. 1984); *U.S. v. Howard*, 63 F. Supp. 2d 728 (E.D. Va. 1999); *Clevenger v. State*, 967 So. 2d 1039 (Fla. App. 2007); *People v. Davis*, 369 Ill. App. 3d 384, 867 N.E.2d 987, 311 Ill. Dec. 1 (2006).

original charges continue with the same speedy trial clock, while the new charges begin with their own new speedy trial clock.[19]

The reason for such a rule is that as to the charges the government is not required to join with the offenses previously charged, the government could easily obtain a "fresh speedy trial clock" by simply waiting until completion of the prosecution for the original charges and beginning a new prosecution on the additional charges.[20] And there is

> no logical basis for concluding that, when the government chooses to add in a superseding indictment charges that it is not required to join with the charges contained in the original indictment, it must bring the defendant to trial on the added charges within the time period remaining on the speedy trial clock applicable to the charges contained in the original indictment.[21]

We agree with this reasoning. Whether there may be any other objection to the joinder of the original and the additional charges is another question not pertinent to the issue before us.

[10,11] We derive from this, and it comports with common sense, that the original charges have not been "abandoned" or "dismissed" when an amended complaint or information continues to make those charges, but additionally charges a different crime. The time continues to run as to the charges that have not changed. If there is no abandonment or dismissal of the charges, a tacking-and-tolling analysis is superfluous.

[12] Thus, assuming for the moment that tacking-and-tolling case law translates in any way to the affirmative duty under § 29-1207(4)(b), the motion for continuance would at most be extinguished as to the new misdemeanor crime alleged in the amended information. We agree with the State that Hettle belies this very point by arguing that the time pending under the original information for the felony charges should

---

[19] See *id*.

[20] *U.S. v. Alford, supra* note 18, 142 F.3d at 829.

[21] *Id*.

be tacked onto the time pending for the felony charges under the amended information. It is logically inconsistent that time pending under abandoned and dismissed charges ought to tack onto time pending under the amended information that supposedly abandoned and dismissed those very same charges. Charges are either the same or different. They cannot be different for purposes of extinguishing a motion for continuance but the same for purposes of effectively continuing to run the statutory speedy trial clock.

[13] However, we do not accept the premise that a *French* "dismissal" of the preceding information, or any part thereof, is determinative of whether an indefinite motion for continuance has been extinguished. We doubt that in other circumstances, where a favorable motion or order had been made under the preceding information, Hettle would venture such an argument. While certainly two complaints or informations cannot coexist at the same moment, it does not necessarily follow that every act or motion made under a superseded complaint or information is dismissed, abandoned, or extinguished by operation of law.

In fact, at least one court has held that prior tolling motions continue to apply to cases refiled after *actual dismissals*, so long as the refiled charges arose from the same or related incidents or acts of the dismissed indictment, complaint, or information.[22] And courts that have addressed the question of amendments charging both new and old crimes hold that a defense motion for continuance or similar tolling motion remains effective as to both the new and old charges, regardless of the tacking and tolling speedy trial analysis applicable to those charges.[23] The U.S. Supreme Court in *U.S. v. Gonzales*[24] stated, "Unless the district court has ruled that the superseding indictment moots the pending motions," "motions pending on the original charges toll the running of the speedy-trial clock

---

[22] See *Palmer v. State*, 76 So. 3d 1016 (Fla. App. 2011).

[23] *U.S. v. Gonzales*, 897 F.2d 1312 (5th Cir. 1990); *Atkins v. State*, 785 So. 2d 1219 (Fla. App. 2001); *State v. Blackburn*, 118 Ohio St. 3d 163, 887 N.E.2d 319 (2008).

[24] *U.S. v. Gonzales*, *supra* note 23, 897 F.2d at 1316-17.

for the new charges, regardless of when the clock begins to run for the new charges." Such a rule is not prejudicial to the defendant, who can easily start the clock running again by invoking a demand for a speedy trial.[25]

[14,15] Admittedly, no court has addressed the very precise question of whether a prior defense motion for indefinite continuance remains effective as to all charges in an amended information when the amended information charges some of the same crimes as the preceding information, as well as additional crimes unrelated to the same facts of the preceding information. But we find that the mandate of § 29-1207(4)(b) is clear. As we said in *State v. Mortensen*, there is no language in the statute indicating intent to limit the scope of the waiver provided therein, and we will not read into the statute a meaning that was not there.[26]

[16] We have no basis from which to conclude that the Legislature intended a motion for indefinite continuance in an ongoing prosecution under the same case number to apply only to those charges that were pending at the time the motion was made, but not as to any charges later added by amendment. It would make little sense to apply a motion for continuance, based on the general need to prepare for trial, to only old charges and not new. Motions for continuance are to continue the trial. Without severance of the individual charges from the pending prosecution, a motion for continuance is not applied piecemeal to certain charges under the information, but not to others. And as one court has explained, tolling motions that operate by law do not require, at the time they are made, knowledge of future additional charges.[27]

If Hettle no longer wished for his indefinite motion for continuance to remain operative as a waiver to his statutory right to a speedy trial, he could have easily given the court notice of his request for trial, in accordance with § 29-1207(4)(b). He did not do so. While Hettle argues that it should have been

---

[25] *Atkins v. State, supra* note 23.

[26] *State v. Mortensen, supra* note 1.

[27] See *State v. Blackburn, supra* note 23.

apparent that he no longer needed time to prepare for trial, the statute puts the onus on the defendant. The State has no obligation to second-guess the defendant's strategic decisions, although it would have been free to press for a speedier trial for the public interest in avoiding stale evidence, a backlog in the court, and opportunities for the accused to commit other crimes.[28]

The State's addition of the misdemeanor charge to the information did not change Hettle's obligations under § 29-1207(4)(b). Therefore, as provided in § 29-1207(4)(b), the waiver and excludable period under the motion for continuance did not end until either Hettle gave the court notice of trial or a trial commenced on the court's own motion. Because neither of those events has occurred, the 6-month statutory period has not run and Hettle's motion for absolute discharge was properly denied.

## Constitutional Right
## to Speedy Trial

[17,18] Hettle next argues that the court erred in denying his motion for discharge based on the constitutional right to a speedy trial. The constitutional right to a speedy trial is guaranteed by U.S. Const. amend. VI and Neb. Const. art. I, § 11. The constitutional right to a speedy trial and the statutory implementation of that right exist independently of each other.[29] Nevertheless, § 29-1207 provides a useful standard for assessing whether the length of a trial delay is unreasonable under the U.S. and Nebraska Constitutions.[30] It is an unusual case in which the Sixth Amendment has been violated when the time limits under the speedy trial act have been met.[31]

[19] A speedy trial, generally, is one conducted according to prevailing rules and proceedings of law, free from arbitrary,

---

[28] See *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972).

[29] See *State v. Loyd*, 269 Neb. 762, 696 N.W.2d 860 (2005).

[30] See *State v. Schmader, supra* note 9.

[31] *State v. Trammell, supra* note 12.

vexatious, and oppressive delay.[32] But the right is "generically different from any of the other rights enshrined in the Constitution for the protection of the accused."[33]

It is different, first, because "[i]n addition to the general concern that all accused persons be treated according to decent and fair procedures, there is a societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests of the accused."[34]

Second, the right is unique because "deprivation of the right may work to the accused's advantage."[35] The U.S. Supreme Court explained:

> Delay is not an uncommon defense tactic. As the time between the commission of the crime and trial lengthens, witnesses may become unavailable or their memories may fade. If the witnesses support the prosecution, its case will be weakened, sometimes seriously so. And it is the prosecution which carries the burden of proof. Thus, unlike the right to counsel or the right to be free from compelled self-incrimination, deprivation of the right to speedy trial does not *per se* prejudice the accused's ability to defend himself.[36]

Finally, the constitutional speedy trial right is unique because it "is a more vague concept than other procedural rights."[37] There is "no fixed point" when it can be determined "how long is too long in a system where justice is supposed to be swift but deliberate."[38]

Before the U.S. Supreme Court case of *Barker v. Wingo*,[39] two rigid approaches were taken by other jurisdictions to

---

[32] *State v. McNitt*, 216 Neb. 837, 346 N.W.2d 259 (1984).

[33] *Barker v. Wingo, supra* note 28, 407 U.S. at 519.

[34] *Id.*

[35] *Id.*, 407 U.S. at 521.

[36] *Id.*

[37] *Id.*

[38] *Id.*

[39] *Barker v. Wingo, supra* note 28.

analyze the constitutional speedy trial right. Some courts set a specific period of time beyond which the constitutional right was deemed violated as a matter of law. Other courts adopted a "demand-waiver doctrine" wherein "a defendant waives any consideration of his right to speedy trial for any period prior to which he has not demanded a trial."[40] In *Barker v. Wingo*, the Court rejected the rule that the defendant be offered a trial within a specified time period, concluding that such a rule would require the Court to engage in legislative or rulemaking activity. The Court also rejected the approach that restricted considerations of the speedy trial right to those cases in which the accused had demanded a speedy trial.[41]

[20] The Court instead developed a balancing test to determine whether a defendant's constitutional right to a speedy trial has been violated.[42] This balancing test involves four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) prejudice to the defendant.[43] However, the Court also said: "We hardly need add that if delay is attributable to the defendant, then his waiver may be given effect under standard waiver doctrine, the demand rule aside."[44]

[21] Subsequently, in *Vermont v. Brillon*,[45] the Court seemed to reaffirm the general principle that delay attributable to the defendant may be given effect under the standard waiver doctrine. The Court also clarified that because the attorney is the defendant's agent when acting, or failing to act, in furtherance of the litigation, delay caused by the defendant's counsel is charged to the defendant. This is true, the Court held, whether counsel is privately retained or publicly assigned.[46]

---

[40] *Id*., 407 U.S. at 525.

[41] *Id*.

[42] See *State v. Loyd, supra* note 29.

[43] See *id*.

[44] *Barker v. Wingo, supra* note 28, 407 U.S. at 529.

[45] *Vermont v. Brillon*, 556 U.S. 81, 129 S. Ct. 1283, 173 L. Ed. 2d 231 (2009).

[46] *Id*.

[22] We have held that, barring extraordinary circumstances, a defendant's constitutional right to a speedy trial is not denied when the defendant does not want a speedy trial.[47] An accused cannot generally take advantage of a delay in being brought to trial where he was responsible for the delay by either action or inaction.[48] Thus, in *State v. Jameson*,[49] where the delay in bringing the defendant to trial was due to continuances by defense counsel, we held there could be no violation of the right to a speedy trial under the Sixth Amendment to the U.S. Constitution. We reasoned that "[i]t would be a strange anomaly if a defendant could first ask for a series of continuances and then be immune from prosecution because he had not been granted a speedy trial. Even under the most liberal view of the [S]ixth [A]mendment, that argument will not 'hold water.'"[50]

As already discussed in depth, Hettle asked for an indefinite continuance. And that indefinite continuance did not, as Hettle hoped, magically disappear upon the State's amendment adding a misdemeanor charge to the information. Hettle gave the district court no notice of his intention to end the continuance by requesting a trial. To the contrary, Hettle waited silently until the eve of the scheduled trial to voice any concern over the delay. We find no error in the district court's denial of the motion for discharge under the constitutional right to a speedy trial.

## DUE PROCESS

[23] Finally, Hettle argues that the district court erred in denying his motion for discharge under his Fifth Amendment right to due process. The Fifth Amendment has only a "limited role to play in protecting against oppressive delay" in the criminal context.[51] It is the measure against which pre arrest or

---

[47] *State v. Andersen*, 232 Neb. 187, 440 N.W.2d 203 (1989).

[48] *State v. Fatica, supra* note 6.

[49] *State v. Jameson*, 224 Neb. 38, 395 N.W.2d 744 (1986).

[50] *Id*. at 43, 395 N.W.2d at 747.

[51] *United States v. Lovasco*, 431 U.S. 783, 789, 97 S. Ct. 2044, 52 L. Ed. 2d 752 (1977).

indictment delay is scrutinized.[52] We can find no case in which the Fifth Amendment is applied to a claim for delay in bringing the accused to trial after arrest or indictment.

Regardless, the due process claimant's burden is a "heavy" one, requiring a showing of both substantial actual prejudice resulting from the delay and bad faith on the part of the government.[53] We agree with the district court that Hettle failed to establish a violation of his Fifth Amendment right against oppressive delay.

## CONCLUSION

We affirm the decision of the district court. In light of Hettle's statutory waiver under § 29-1207(4)(b), it is not necessary to calculate the amount of time remaining to bring him to trial under § 29-1207.[54] Once the district court reacquires jurisdiction over the cause, it is directed to set the matter for trial.

AFFIRMED.

---

[52] See, *United States v. Lovasco, supra* note 51; *United States v. Marion*, 404 U.S. 307, 92 S. Ct. 455, 30 L. Ed. 2d 468 (1971); *U.S. v. Ross*, 703 F.3d 856 (6th Cir. 2012); *U.S. v. Colombo*, 852 F.2d 19 (1st Cir. 1988); *State v. Huebner*, 245 Neb. 341, 513 N.W.2d 284 (1994), *abrogated on other grounds, State v. Morris*, 251 Neb. 23, 554 N.W.2d 627 (1996); *People v. Gay*, 2011 IL App (4th) 100009, 960 N.E.2d 1272, 356 Ill. Dec. 149 (2011); *Haire v. State*, 749 So. 2d 1130 (Miss. App. 1999); *People v. Guzman*, 163 Misc. 2d 237, 620 N.Y.S.2d 227 (1994); *State v. Jessie*, 225 W. Va. 21, 689 S.E.2d 21 (2009).

[53] *United States v. Capone*, 683 F.2d 582, 589 (1st Cir. 1982). See, also, e.g., *U.S. v. Jackson*, 446 F.3d 847 (8th Cir. 2006).

[54] See, *State v. Vela-Montes*, 287 Neb. 679, 844 N.W.2d 286 (2014); *State v. Mortensen, supra* note 1.