**Louis James COLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 64994.

Court of Criminal Appeals of Texas, En Banc.

May 25, 1983.

---

1. As here, under Article 6228b, Section 7, V.A.

C.S.

A.W. Salyars, Lubbock, for appellant.

John T. Montford, Dist. Atty. and Marvin Williams, Asst. Dist. Atty., Lubbock, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

CAMPBELL, Judge.

This is an appeal from conviction for the offense of criminally negligent homicide. Punishment is six months confinement in the county jail and a fine of $200, both of which were probated. Appellant advances fourteen grounds of error. Due to our disposition of the case upon the first ground it is unnecessary to address the remaining grounds of error.

Appellant asserts that the trial court committed reversible error by overruling his motion to dismiss premised on the state's failure to comply with the Speedy Trial Act. The Speedy Trial Act, Art. 32A.02, V.A.C.C.P., provides in pertinent part:

> "Sec. 1. A court shall grant a motion to set aside an indictment, information, or complaint if the State is not ready for trial within:
>
> \* \* \* \* \* \*
>
> "(2) 90 days of the commencement of a criminal action if the defendant is accused of a misdemeanor punishable by a sentence of imprisonment for more than 180 days . . . ."

We begin our analysis of the instant situation by noting that appellant was arrested on April 13, 1978. The Speedy Trial Act did not become effective until July 1, 1978. This Court has held the Act applies to criminal cases pending on that date. *Wade v. State,* 572 S.W.2d 533 (Tex.Cr.App. 1978) (reh. den. 1978). However, time which elapsed prior to the effective date is not considered in determining whether the statute was complied with. *Wade v. State,* supra.

In the instant situation, on April 12, 1978, a warrant was issued for appellant's arrest

in Cause No. 76,220. On April 13, 1978, appellant was arrested, posted bond and bond was approved. On July 6, 1978, appellant filed a motion to quash the complaint and information. The motion to quash was not granted, no hearing was held, no order reflecting a ruling was entered. On July 23, 1978, appellant made a motion for continuance. No order was ever entered on this motion.

On April 2, 1979, the state filed a motion to dismiss in Cause No. 76,260. The stated reason for dismissal was that "the case was refiled under a new Cause No." Cause No. 76,260 was dismissed on April 2, 1979, and Cause No. 85,791 was filed on that date. Cause No. 85,791 charged appellant with the same offense as Cause No. 76,260 and arose from the same incident. A docket entry in Cause No. 85,791 notes: "Previously filed as No. 76,260, on 4–8–78."

On April 6, 1979, appellant filed a motion to dismiss for failure to comply with the Speedy Trial Act, Art. 32A.02, V.A.C.C.P. On May 2, 1979, a hearing was had the motion to dismiss was overruled. The case went to trial on August 15, 1979.[1]

■ The state maintains that the appellant failed to demonstrate that the dismissal of Cause No. 76,260 and the commencement of Cause No. 85,791 was initiated to circumvent the Speedy Trial Act. However, careful reading of the Act leads us to conclude the motives for changing the Cause Numbers is immaterial to determine compliance. The Act addresses and anticipates situations where an indictment/information is dismissed and another is substituted to replace it, both arising from the same transaction.

"Sec. 4. In computing the time by which the State must be ready for trial, the following periods shall be excluded:

\*      \*      \*      \*      \*      \*

"(7) if the charge is dismissed upon motion of the state or the charge is disposed of by a final judgment and the defendant is later charged with the same offense or another offense arising out of the same transaction, the period of delay from the date of dismissal or the date of the final judgment to the date the time limitation would commence running on the subsequent charge had there been no previous charge."

■ It is reasonable to infer that by excluding the time between dismissal and the bringing of the new charge the time which elapsed under the first charging instrument is to be included in computation, and we so hold. See *Durrough v. State,* 620 S.W.2d 134 (Tex.Cr.App.1981) at page 139.

Review of the record on appeal indicates that at no time prior to the first day of trial on August 15, 1979, did the state expressly, unequivocally indicate it was ready for trial. However, the state contends that the state's readiness may be inferred from the trial court's action of setting the case for trial and assigning it a number on April 27, 1979.

An examination of the transcript of the hearing held on May 2, 1979, fails to support this contention.

"DEFENSE COUNSEL: All right. And, Your Honor, we have witnesses we will not subpoena—attempt to subpoena until a ruling is made on the Motion to Quash.

"THE COURT: How much time do you need?

"DEFENSE COUNSEL: I would say Friday would be all right.

"PROSECUTOR: Mr. Salyars [Defense Counsel], as far as I know, the case is not set for next week.

"DEFENSE COUNSEL: Oh, it is not?

---

1. We specifically note that from July 1, 1978 (the effective date of the Speedy Trial Act) and April 6, 1979 (the filing date of the Motion to Dismiss) more than enough time had elapsed to entitle the appellant to dismissal under Art. 32A.02, Sec. 1(2). Events subsequent to the hearing on that motion were immaterial to the disposition of the case.

"PROSECUTOR: No.

"DEFENSE COUNSEL: Oh, I am sorry.

"PROSECUTOR: It is not definitely set for next week.

\* \* \* \* \* \*

"PROSECUTOR: It won't be next week. It may be a month yet.

"DEFENSE COUNSEL: Okay. All right.

"THE COURT: I will have time enough to look into this.

"DEFENSE COUNSEL: So, your man is downstate anyhow, isn't he?

"PROSECUTOR: He is downstate, and Marvin and I are going to Chicago this week or next week."

At a pretrial hearing on July 31, 1979, the state made a qualified ready for trial statement for the week of August 8, 1979. Assuming that the state's action satisfied the statutory requirements on that date the Speedy Trial Act was not satisfied. One year and thirty days had passed since the statute had been enacted and the time began to run.

"When the defendant in a criminal case files a motion to dismiss for failure to comply with the time limits established by the Act, the State must declare its readiness for trial then and at times required by the Act. *Pate v. State,* 592 S.W.2d 620 (Tex.Cr.App.1980); *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App. 1979)." *Loftin v. State,* 624 S.W.2d 351 (Tex.App.-Dallas 1981) (reh. den. 1981), PDR refused (1982).

The state failed to comply with the provisions of the Speedy Trial Act; the appellant's motion for dismissal was improperly denied. The judgment of the trial court is vacated and the prosecution ordered dismissed.