STATE OF NEBRASKA, APPELLEE, V. CHERYL SUMSTINE, APPELLANT.
478 N.W.2d 240

Filed December 27, 1991.    No. 90-507.

Dennis R. Keefe, Lancaster County Public Defender, and Michael D. Gooch for appellant.

Don Stenberg, Attorney General, and Linda L. Willard for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

A jury in the district court for Lancaster County convicted Cheryl Sumstine of first degree arson, a violation of Neb. Rev. Stat. § 28-502(1) (Reissue 1989), which is a Class II felony. Sumstine was sentenced to imprisonment.

In her two assignments of error, Sumstine contends, first, that her right to a speedy trial, required by Nebraska's speedy trial act, Neb. Rev. Stat. §§ 29-1207 et seq. (Reissue 1989), was violated and, second, that the evidence is insufficient to sustain her conviction.

## BACKGROUND

Filed on June 26, 1989, an information charged Sumstine with second degree arson, a Class III felony, and alleged that Sumstine intentionally set fire to her apartment building at 837 G Street on April 29, 1989, a violation of Neb. Rev. Stat. § 28-503(1) (Reissue 1989): "A person commits arson in the second degree if he or she intentionally damages a building by starting a fire . . . ." After Sumstine's arraignment on June 28, 1989, at which her trial was scheduled for September 11, the State, on September 7, obtained the court's permission to endorse the information with the names of 3 witnesses in addition to the 29 witnesses already endorsed on the information and take depositions within 40 days, but apparently did not take those depositions. While the record fails to disclose the nature of the proposed amendment to the information, on October 18 the court authorized the State to file an amended information against Sumstine within 7 days, but the State did not file the amended information. However, on November 9, the prosecutor appeared before the court and, without explanation reflected in the record, dismissed the pending second degree arson charge against Sumstine.

On January 8, 1990, the State filed an information against Sumstine charging her with first degree arson, a violation of § 28-502(1), which states:

> A person commits arson in the first degree if he or she intentionally damages a building by starting a fire . . . when another person is present in the building at the time and either (a) the actor knows that fact, or (b) the circumstances are such as to render the presence of a person therein a reasonable probability.

The 1990 arson charge alleged that Sumstine set fire to her apartment building at 837 G Street on April 29, 1989, and, in accordance with § 28-502(1), contained the allegation concerning a person's presence in the building set afire.

At her arraignment on January 10, 1990, Sumstine pled not guilty to the first degree arson charge. Immediately before trial on April 9, Sumstine moved for dismissal of the pending arson charge against her and based her claim to dismissal on the State's failure to comply with the Nebraska speedy trial act and

bring her to trial within 6 months after the second degree arson information was filed in June 1989. Section 29-1207(1) of Nebraska's speedy trial act provides: "Every person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section." Section 29-1207 thereafter sets forth the method of computing the 6-month period for commencement of trial after an information has been filed, including specified periods of time excludable for the computation and a catchall exclusion: "Other periods of delay not specifically enumerated herein [shall be excluded], but only if the court finds that they are for good cause." § 29-1207(4)(f). Section 29-1208 of the speedy trial act states: "If a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, he [or she] shall be entitled to his [or her] absolute discharge from the offense charged and for any other offense required by law to be joined with that offense."

In arguing her dismissal motion in the district court, Sumstine contended that the previous second degree arson charge in 1989 was a "lesser grade felony" included within the pending first degree arson charge in 1990; therefore, the time during which the second degree charge was pending should be "tacked" to the period of pendency for the first degree arson charge, resulting in expiration of 6 months without Sumstine's trial and entitling her to absolute discharge from the first degree arson charge. The doctrine of tacking allows joining or combining periods which have a nexus for continuity of time involved in separated events or actions, for example, tacking based on privity of estate for adverse possession of realty, see *Bryan v. Reifschneider*, 181 Neb. 787, 150 N.W.2d 900 (1967), and *Thomas v. Flynn*, 169 Neb. 458, 100 N.W.2d 37 (1959), and tacking in reference to an extension of authority for motor carrier routes under Public Service Commission jurisdiction, see *Nebraska State Railway Commission v. Seward Motor Freight, Inc.*, 188 Neb. 223, 196 N.W.2d 200 (1972).

In opposing Sumstine's dismissal motion, the State asserted that the two arson informations related to "two different cases" and that, in cases such as Sumstine's, the practice of a prosecutor's voluntarily dismissing and refiling charges was

"done all of the time and done in the past and will be done in the future." Responding further to Sumstine's motion, the prosecutor stated:

> I don't think there has been any prejudicial effect of any kind. I am not sure what the tactical advantage was by filing one or the other [charge against Sumstine]. It doesn't appear to me to make any particular difference at this particular time. Again, it has been done numerous times. There is no showing of any kind of prejudice, wrongful doing by the State in so doing and I just think that again it's ready to go to trial and the State is ready.

The district court overruled Sumstine's dismissal motion based on the speedy trial act. Sumstine was tried and convicted, and has appealed with the assignments of error previously mentioned.

## SPEEDY TRIAL

Sumstine claims she should have been discharged from the arson charge, since she was not brought to trial within 6 months as required by the Nebraska speedy trial act, §§ 29-1207 to 29-1209. Since Sumstine did not raise the question of her constitutional right to a speedy trial, we consider only Sumstine's contention based on Nebraska's speedy trial act. See, State v. Oldfield, 236 Neb. 433, 461 N.W.2d 554 (1990) (the constitutional right to a speedy trial is distinct from the provisions for a speedy trial prescribed by the Nebraska speedy trial act); State v. Brown, 214 Neb. 665, 335 N.W.2d 542 (1983).

"The purpose of Nebraska's speedy trial act, sometimes called the '6-month rule,' is protection of an accused from a criminal charge pending for an undue length of time." State v. Lafler, 225 Neb. 362, 367, 405 N.W.2d 576, 580 (1987). See, also, State v. Schroder, 218 Neb. 860, 359 N.W.2d 799 (1984). The Supreme Court of North Carolina, construing North Carolina's speedy trial act, observed in State v. Marlow, 310 N.C. 507, 515, 313 S.E.2d 532, 537 (1984):

> The basic purpose of the Speedy Trial Act is to provide for the efficient administration of justice, which, according to our legislature, is best effectuated through a prompt determination of a criminal defendant's guilt or

innocence. The Act's delineation of specific time limits and exclusions serves as a guideline for processing cases, and thus provides a technical defense for criminal defendants.

In reference to the federal Speedy Trial Act of 1974, 18 U.S.C. §§ 3161 et seq. (1988), the court stated in *U.S. v. Cephas*, 937 F.2d 816, 819 (2d Cir. 1991): "[I]n addition to protecting the interests of a defendant . . . the speedy trial act [protects] the interests of society and of the government in obtaining prompt disposition of criminal charges."

Accordingly, referring to the Nebraska speedy trial act, we have stated:

" 'To avoid a defendant's absolute discharge from an offense charged, as dictated by § 29-1208, the State, by a preponderance of evidence, must prove existence of a period of time which is authorized by § 29-1207(4) to be excluded in computing the time for commencement of the defendant's trial in accordance with the Nebraska speedy trial act, or "6-month rule.". . .' "

*State v. Oldfield, supra* at 441, 461 N.W.2d at 560. Accord, *State v. Vrtiska*, 227 Neb. 600, 418 N.W.2d 758 (1988); *State v. Lafler, supra*.

To obtain absolute discharge under § 29-1208, a defendant is not required to show prejudice sustained as the result of failure to bring the defendant to trial within 6 months in accordance with the Nebraska speedy trial act. *State v. Lafler, supra*.

The first information against Sumstine was filed on June 26, 1989; hence, the last day for commencement of Sumstine's trial on the first information was December 26, 1989. See *State v. Oldfield, supra* at 441, 461 N.W.2d at 560: Computation of the 6-month period is based on the " 'move forward 6 months, but then back up 1 day' rule expressed in [*State v. Jones*, 208 Neb. 641, 305 N.W.2d 355 (1981)]." Since the State dismissed the first information on November 9, 1989, and filed the second information against Sumstine on January 8, 1990, there was an interval of 59 days without any arson charge against Sumstine. Also, during pendency of the first information, the State was allowed 40 days to obtain depositions. Sumstine suggests, however, that "it is reasonable to assume that the defendant was

also granted the same 40 days to take depositions. Consequently, those 40 days would be chargeable against the defendant." Brief for appellant at 14. We accept Sumstine's suggestion and concession of reciprocity concerning time allowed for depositions and, for that reason and for the purpose of this appeal, acknowledge that Sumstine is also charged with the time allowed for depositions. See, *State v. Brown*, 214 Neb. 665, 335 N.W.2d 542 (1983) (time for discovery requested by a defendant may be excluded under § 29-1207(4) in computing the last day for trial under the speedy trial act); *State v. Fatica*, 214 Neb. 776, 336 N.W.2d 101 (1983) (reasonable time used to obtain a deposition requested by a defendant in preparation for trial is excluded in computing the last day permissible for commencement of trial pursuant to the speedy trial act). Hence, if tacking based on the pendency of informations is allowed for computation of the period within which a defendant must be brought to trial pursuant to the Nebraska speedy trial act, and if the State is not charged with the interval between dismissal of the first information and the filing of the second information, 99 days (40 days for depositions and the 59-day interval between the arson informations) are added to the date of December 26, 1989, in determining the last day for commencement of Sumstine's trial on the second arson information. Since the second information was filed on January 8, 1990, and, for present purposes, since we assume applicability of tacking in computing time charged to the State for commencement of Sumstine's trial, chargeable time against the State was revived on January 8, 1990, when prosecution of Sumstine was resumed on the arson charge. The date of January 8, 1990, itself is counted or included in the 99-day extension for commencement of Sumstine's trial, because, if tacking is applicable, all the time during which an arson information was pending against Sumstine, except the initial filing day of June 26, 1989, must be used to determine the last day for commencement of Sumstine's trial in the absence of any excludable time concerning the computation. Therefore, extending the date of December 26, 1989 (the last day for trial under the first arson information), by 99 days (the interval during which no arson information was pending against

Sumstine plus the time for depositions, which is excluded pursuant to § 29-1207(4)), the last day for commencement of Sumstine's trial was April 4, 1990. Sumstine's trial started on April 9, 1990.

Thus, the all-important question in Sumstine's appeal is whether tacking based on the pendency of the informations is allowed in determining the last day for commencement of a defendant's trial pursuant to the Nebraska speedy trial act.

We implicitly approved tacking in *State v. Batiste*, 231 Neb. 481, 437 N.W.2d 125 (1989), wherein the information, filed on March 18, 1986, charged Batiste with first degree murder. On October 29, 1986, the State dismissed the information because a State's witness could not be located. On June 18, 1987, the State filed a first degree murder charge for the same homicide alleged in the previous information against Batiste, who, on October 1, 1987, moved for dismissal, claiming that her trial had not commenced within 6 months after the filing of the first information. In computing the 6-month period, the trial court concluded that only the time involved in the pendency of the murder informations was included in determining the last day for commencement of Batiste's trial. On the question about the speedy trial act presented in Batiste's appeal, we stated: "In Batiste's case, the time between the dismissal and refiling of the charge is not includable in calculating the 6-month time period set forth in § 29-1207 [Reissue 1989]." 231 Neb. at 485, 437 N.W.2d at 129. Thus, in *Batiste*, we recognized that, while time chargeable against the State under the speedy trial act commences with the filing of an initial information against a defendant, the time chargeable to the State ceases, or is tolled, during the interval between the State's dismissal of the initial information and refiling of an information charging the defendant with the same crime alleged in the previous, but dismissed, information. As a corollary of the preceding, and in accordance with *Batiste*, when the State dismisses an information against a defendant and refiles another information charging the defendant with the same offense alleged in the previous information, the periods during which the informations are pending for the same offense shall be combined in determining the last day for commencement of

trial under Nebraska's speedy trial act, subject to time excluded pursuant to § 29-1207(4) in computing the date for trial.

Similar to our conclusion in *Batiste, supra*, is the conclusion in *Cole v. State*, 650 S.W.2d 818 (Tex. Crim. App. 1983), wherein the Court of Criminal Appeals of Texas construed the Texas speedy trial act in relation to statutorily excluded time, i.e., the interval between the dismissed charge and a refiled charge based on the same transaction involved in the previous but dismissed charge, and stated: "It is reasonable to infer that by excluding the time between dismissal and the bringing of the new charge the time which elapsed under the first charging instrument is to be included in computation [of the last day for commencement of trial], and we so hold." 650 S.W.2d at 820. In *State v. Cuezze, Houston & Faltico*, 225 Kan. 274, 589 P.2d 626 (1979), the court recognized tacking in reference to the 180-day requirement for trial pursuant to the Kansas speedy trial act. Cuezze and Houston were charged in the initial information, which contained two counts of making a false writing and two counts of conspiracy. Cuezze was arraigned on June 13, 1977, and Houston on May 20, 1977. In September 1977, the State filed a second information against Cuezze, Houston, and Faltico, who was implicated by evidence obtained after the arraignments of Cuezze and Houston. When the second information was filed, the State dismissed the initial information against Houston and Cuezze, who were then arraigned on the second information on January 19 and 20, 1978, respectively. Since the Kansas speedy trial act required a trial within 180 days after a defendant's arraignment, the trial court dismissed the second information. In affirming the dismissal, the Kansas Supreme Court stated:

> [T]he purpose of [the Kansas speedy trial statute] is to implement and define the constitutional guarantee of a speedy trial and the statute establishes certain maximum time limits within which a defendant must be brought to trial. Absent a showing of necessity, the state cannot dismiss a criminal action and then refile the identical charges against the same defendant and avoid the time limitations mandated by the statute.

*State v. Cuezze, Houston & Faltico, supra* at 278, 589 P.2d at

630. See, also, *U.S. v. Leone*, 823 F.2d 246 (8th Cir. 1987) (when an indictment is dismissed on the government's motion, but the defendant is reindicted, the time limit for bringing a defendant to trial pursuant to the federal speedy trial act is tolled during the interval between indictments, but the time chargeable against the government is restarted when the second indictment is filed); *U.S. v. Fuesting*, 845 F.2d 664 (7th Cir. 1988) (time interval between government's dismissal of criminal complaint and return of indictment reinstating charges was excludable for the purposes of the federal speedy trial act, and the time limit for commencement of trial pursuant to the act was tolled during the interval; however, the time limit for commencement of trial began to run again when the charges were reinstated by indictment). Without tacking and the "tolling approach," the State, whenever a prosecutor desired a postponement of trial beyond the 6-month period specified in § 29-1207, could regularly evade the Nebraska speedy trial act as a result of the prosecutor's dismissing a charge, refiling the same charge, and acquiring a new 6-month period for commencement of a defendant's trial on the refiled charge. Thus, tacking and the tolling approach to a speedy trial act, that is, the State is not charged with the time during which no information is pending against a defendant, prevent undermining or subverting implementation of the speedy trial act by automatically providing prosecutors a new period in which to bring an accused to trial, irrespective of the time involved in the pendency of a prior proceeding dismissed by the State.

In light of the foregoing, we turn to Sumstine's case and consider the two charges filed against her, namely, the initial arson information filed in 1989 and the subsequent arson information filed in 1990. The initial information charged Sumstine with second degree arson in intentionally setting fire to her apartment building on April 29, 1989, a violation of § 28-503(1). The subsequent information charged Sumstine with intentionally setting fire to the same building described in the initial information and setting that fire on the same date alleged in the initial information. However, since the charge in the subsequent information was first degree arson, the second information contained the additional allegation that "another

person" was present in the apartment building when Sumstine allegedly set fire to the structure. See § 28-502(1). As far as the record reflects, all information concerning the arson charges was available to the State at the time the initial information was filed in 1989. Therefore, with the exception of the allegation concerning the presence of another person within the building set afire, both informations had the same allegation that Sumstine had intentionally set fire to her apartment building on the specific date mentioned in the informations. The identity of allegations for the arson offenses supplies a legal and rational nexus for the two informations against Sumstine. Moreover, in describing a lesser-included offense, we have stated: "To be a lesser-included offense, the elements of the lesser offense must be such that it is impossible to commit the greater offense without simultaneously committing the lesser offense." *State v. Olsan*, 231 Neb. 214, 219, 436 N.W.2d 128, 132 (1989). Consequently, the arson charged in the initial information was a lesser-included offense of arson charged in the subsequent information filed against Sumstine, since, under Nebraska law applicable in the present case, Sumstine, as charged by the informations, could not have committed first degree arson without simultaneously committing second degree arson.

The Supreme Court of Ohio, in *State v. Bonarrigo*, 62 Ohio St. 2d 7, 402 N.E.2d 530 (1980), construed Ohio's speedy trial act and its requirement of a trial within 270 days after the filing of a felony charge. In *Bonarrigo*, the state entered its *nolle prosequi* on a misdemeanor charge against Bonarrigo and later filed a felony charge against Bonarrigo, which was based on the same conduct charged in the misdemeanor case. Bonarrigo, by combining the time during which the felony and misdemeanor charges were pending, claimed he was entitled to dismissal of the felony charge. Agreeing with Bonarrigo, the court approved of computing the statutory time for commencement of a trial pursuant to the Ohio speedy trial act and refused to construe the act so that a prosecutor was provided with "a new 270-day period in which to bring an accused to trial, irrespective of the amount of unexplained delay involved in the prior misdemeanor proceedings," 62 Ohio St. 2d at 10, 402 N.E.2d at 534, and observed:

The General Assembly has chosen to enforce the speedy trial statutes by providing an accused with a right to dismissal of charges upon timely motion, when not accorded trial within the statutory time. It was not the General Assembly's sole purpose in enacting the speedy trial statutes to reward those accused of criminal conduct for a prosecutor's lack of diligence. Concededly, an accused has a valid interest in, and an independent constitutional right to, a speedy trial. However, in construing the speedy trial statutes, this court also recognizes the public's interests not only in the prompt adjudication of criminal cases, but also in obtaining convictions of persons who have committed criminal offenses against the state.

Consistent with these interests, we hold that, where a prosecutor obtains a felony indictment, based upon the same conduct as was a previously *nolled*, lesser-included misdemeanor charge, the time within which the accused shall be brought to trial pursuant to [the Ohio speedy trial act] consists of whatever residue remains from the 270-day period [required for trial in a felony case] after deducting the speedy trial time expended prior to the *nolle prosequi*. Such a holding adequately protects the accused's statutory rights.

62 Ohio St. 2d at 10-11, 402 N.E.2d at 534. Later, in *State v. Adams*, 43 Ohio St. 3d 67, 68, 538 N.E.2d 1025, 1027 (1989), the Supreme Court of Ohio, again construing Ohio's speedy trial act, concluded:

"[W]hen new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge." [Quoting from *State v. Clay*, 9 Ohio App. 3d 216, 459 N.E.2d 609 (1983).]

Consistent with the legislative expression of policy in the Nebraska speedy trial act, see *State v. Lafler*, 225 Neb. 362, 405 N.W.2d 576 (1987) (prevention of a criminal charge pending against an accused for an undue length of time), we, therefore,

hold that when the State dismisses an information against a defendant and subsequently files an information against the defendant which alleges (1) the same offense charged in the previously dismissed information, (2) an offense committed simultaneously with a lesser-included offense charged in the information previously dismissed by the State, or (3) commission of a crime that is a lesser-included offense of the crime charged in the previously dismissed information, time which elapses during pendency of the informations shall be charged against the State in determining the last day for commencement of a defendant's trial pursuant to the Nebraska speedy trial act. The preceding rule requiring combination of the periods during which informations are pending is subject to the provision for excludable time in accordance with § 29-1207(4) of the Nebraska speedy trial act.

In Sumstine's case, as we have already noted, on the basis of tacking the last day for commencement of Sumstine's trial was April 4, 1990, in the absence of additional excludable time in computing the last day for commencement of trial. See § 29-1207. Since the State has not shown any excludable period, except the time utilized in Sumstine's obtaining depositions and the interval when Sumstine was not charged under any arson information, the State has failed to meet its burden and show that the speedy trial clock stopped at any time after restarting on January 8, 1990, when the State filed the second arson information against Sumstine. When the periods of pendency for the arson informations are tacked, or combined, it is clear that the State failed to bring Sumstine to trial within the 6-month period specified by § 29-1207. Sumstine is not required to prove prejudice to her as the result of the State's failure to comply with the speedy trial act; hence, Sumstine is entitled to absolute discharge on the arson charge, a result dictated by § 29-1208. Consequently, Sumstine's entitlement to absolute discharge requires that we reverse the district court's judgment and remand this cause with direction to enter judgment dismissing the arson information against Sumstine. Under the circumstances, it is unnecessary to consider Sumstine's second assignment of error concerning sufficiency of evidence to sustain her conviction.

Notwithstanding that the prosecutor informed the district court that the practice outlined in Sumstine's case is "done all of the time and done in the past," which may have been the situation, and further stated that such course of action "will be done in the future," our only comment is: "Not after today."

REVERSED AND REMANDED WITH DIRECTION.