Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/01/2021 09:09 AM CDT

STATE OF NEBRASKA, APPELLANT, V.
THOMAS N. SAILORS, SR., APPELLEE.

___ N.W.2d ___

Filed May 25, 2021.    No. A-20-050.

1. **Judgments: Speedy Trial: Appeal and Error.** Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.

2. **Speedy Trial.** To calculate the time for speedy trial purposes, a court must exclude the day the complaint was filed, count forward 6 months, back up 1 day, and then add any time excluded under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016) to determine the last day the defendant can be tried.

3. **Speedy Trial: Proof.** The burden of proof is upon the State to show that one or more of the excluded time periods under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016) are applicable when the defendant is not tried within 6 months.

4. ____: ____. To overcome a defendant's motion for discharge on speedy trial grounds, the State must prove the existence of excluded time by a preponderance of the evidence.

5. **Speedy Trial.** Under Neb. Rev. Stat. § 29-1208 (Reissue 2016), if a defendant is not brought to trial before the running of the time for trial as provided for in Neb. Rev. Stat. § 29-1207 (Reissue 2016), as extended by any excluded periods, expires, he or she is entitled to absolute discharge from the offense charged and for any other offense required by law to be joined with that offense.

6. **Speedy Trial: Indictments and Informations.** When an information is dismissed and later refiled, the doctrine of tacking allows joining or combining periods which have a nexus for continuity of time involved in separated events or actions.

7. **Speedy Trial: Indictments and Informations: Lesser-Included Offenses.** Under the tacking-and-tolling approach, the time between

dismissal of an information and refiling is not includable, or is tolled, for purposes of the statutory 6-month period. However, any nonexcludable time that passed under the original information is tacked onto any nonexcludable time under the refiled information, if the refiled information alleges (1) the same offense charged in the previously dismissed information, (2) an offense committed simultaneously with a lesser-included offense charged in the information previously dismissed by the State, or (3) commission of a crime that is a lesser-included offense of the crime charged in the previously dismissed information.

8. **Lesser-Included Offenses.** To determine whether one statutory offense is a lesser-included offense of the greater, Nebraska courts look to the elements of the crime and not to the facts of the case.

9. ____. The test for determining whether a crime is a lesser-included offense is whether the offense in question cannot be committed without committing the lesser offense.

10. **Speedy Trial.** Addressing a claimed denial of statutory speedy trial rights in a motion for discharge involves a relatively simple mathematical computation of whether the 6-month speedy trial clock, as extended by statutorily excludable periods, has expired prior to the commencement of trial.

11. ____. When ruling on a motion for absolute discharge pursuant to Neb. Rev. Stat. § 29-1208 (Reissue 2016), the trial court shall make specific findings of each period of delay excludable under Neb. Rev. Stat. § 29-1207(4)(a) to (e) (Reissue 2016), in addition to the findings under § 29-1207(4)(f). Such findings shall include the date and nature of the proceedings, circumstances, or rulings which initiated and concluded each excludable period; the number of days composing each excludable period; and the number of days remaining in which the defendant may be brought to trial after taking into consideration all excludable periods.

Appeal from the District Court for Gage County: RICKY A. SCHREINER, Judge. Affirmed in part, and in part reversed and remanded with directions.

Roger Harris, Gage County Attorney, and Amanda Spracklen-Hogan for appellant.

Robert Wm. Chapin, Jr., for appellee.

BISHOP, ARTERBURN, and WELCH, Judges.

Welch, Judge.

## INTRODUCTION

The State of Nebraska appeals the order of the Gage County District Court granting the motion for absolute discharge of Thomas N. Sailors, Sr., which motion was based upon the violation of his right to a speedy trial. The State contends that the district court erred in finding that the charged offense of distribution of methamphetamine within 1,000 feet of a school was not separate and distinct from a previously filed and dismissed charge of distribution of methamphetamine and that the court erred in granting the motion for absolute discharge. For the reasons set forth herein, we affirm in part, and in part reverse and remand with directions.

## STATEMENT OF FACTS

On October 31, 2017, the State filed an information in case No. CR 17-183 charging Sailors with count I, distribution of methamphetamine, and count II, conspiracy to commit unlawful distribution of methamphetamine, with both charges alleged to have occurred on or about May 30, 2017. See, Neb. Rev. Stat. § 28-416(1)(a) (Reissue 2016); Neb. Rev. Stat. § 28-202 (Cum. Supp. 2020) (conspiracy defined). Although the information alleged that the offenses occurred on or about May 30, the affidavit in support of a "Probable Cause for Warrantless Arrest" contained in case No. CR 17-183 alleged both that "a Confidential Informant made a controlled purchase of $100 of methamphetamine" from Sailors on May 25, 2017, at a specified address in Blue Springs, Nebraska, and that "[o]n 05/30/17 [the] Confidential Informant arranged another purchase of methamphetamine from . . . Sailors," but that when the confidential informant arrived, other individuals were present. The confidential informant attempted to purchase methamphetamine from one of the other individuals. The affidavit indicates that Sailors "was also present at the residence when this occurred."

The following year, on November 21, 2018, the State filed a motion for leave to amend the information "to correct a

[scrivener's] error made at the time of drafting Count I of the Information as it relates to the offense date" to reflect that the proper offense date should be "'on or about *May 25, 2017*', to be consistent with the facts and evidence as reflected in the Affidavit of Probable Cause." (Emphasis in original.) This motion also requested leave to dismiss count II without prejudice. Only days later, on November 27, the State moved to dismiss case No. CR 17-183 in its entirety without prejudice, alleging that the State had "discovered new information" and would be pursuing "alternative charges." The court granted the State's motion to dismiss on November 28.

Nearly 7 months later, on June 18, 2019, the State filed an information in case No. CR 19-106, charging Sailors with distribution of methamphetamine within 1,000 feet of a school, which offense was alleged to have occurred on May 25, 2017. See § 28-416(4)(a). The "Affidavit for Arrest Warrant" related to this charge alleged that on May 25, "a confidential informant . . . was utilized to conduct a controlled purchase of methamphetamine from . . . Sailors at [the specified address] in Blue Springs . . . ." The amount of methamphetamine purchased was alleged to be worth $100. The affidavit further alleged that the distribution occurred within 1,000 feet of an elementary school.

In a journal entry and order entered on August 14, 2019, issued in connection with a hearing held on that date, the district court held, "[Sailors'] motion for absolute discharge to be filed by October 16, 2019." The entry later provided, "Case continued to 10/30/2019 at 9:00 AM on motion of Defense in District Courtroom 01 for Hearing [on] absolute discharge." (Emphasis omitted.) There is no record from that hearing in the bill of exceptions which provides anything further as it relates to that entry.

On October 15, 2019, Sailors filed a motion for absolute discharge on the basis that his constitutional right to a speedy trial had been violated. At the October 30 hearing, Sailors argued that he should receive an absolute discharge based

upon a violation of both his statutory and constitutional rights to a speedy trial. Following the hearing on Sailors' motion, the district court entered an order granting Sailors' motion for absolute discharge based upon the violation of his right to a speedy trial. The district court noted that "[t]he only difference between Count I in CR17-183 and CR19-106, besides the offense date, is the allegation in CR19-106 that the offense occurred within 1000 feet of a school zone" and that there was "nothing in either transcript to suggest [Sailors] delivered methamphetamine to anyone on May 30, 2017." The court further noted that "[w]hile the Affidavit for Arrest Warrant in CR19-106 provides more detail, it does not change the nature of the crime charged in Count I of CR17-183 or when it allegedly occurred according to the Probable Cause for Warrantless Arrest filed in that matter." Additionally, the district court stated that the charges were "factually the same based on a review of both affidavits in the transcripts and the elements are the same but for the addition of the allegation that the delivery of a controlled substance occurred within 1000 feet of a school zone in CR19-106."

The court then stated that its conclusion was supported by a further review of the record in case No. CR 17-183 and the State's November 21, 2018, "Motion for Leave to Amend Information" filed 7 days prior to the scheduled start of the jury trial in that matter in which the State requested leave to amend the information to "dismiss Count II and to allege the proper offense date 'on or about *May 25, 2017*', to be consistent with the facts and evidence as reflected in the Affidavit of Probable Cause." (Emphasis in original.) The court noted, "It appears that what was once argued to be a [scrivener's] error involving the offense date in CR17-183 is now argued to be a 'charge separate from that alleged in Count I of CR17-183.'"

The district court noted that because count I filed in case No. CR 17-183 and count I filed in case No. CR 19-106 involved the same set of facts and were not distinguishable, any speedy trial time charged against Sailors in case No.

CR 17-183 shall be tacked on to the current case. The court noted that the tacking-and-tolling approach for determining the statutory 6-month speedy trial period was applicable. The district court explained:

> Under the tacking-and-tolling approach, the time between dismissal of an information and refiling is not includable, or is tolled, for purposes of the statutory six-month speedy trial period; however, any non-excludable time that passed under the original information is tacked onto any non-excludable time under the refiled information, if the refiled information alleges (1) ***the same offense charged in the previously dismissed information***, . . . (2) an offense committed simultaneously with a lesser-included offense charged in the information previously dismissed by the state, or (3) commission of a crime that is a lesser-included offense of the crime charged in the previously dismissed information. *State v. Hettle*, 288 Neb. 288, 848 N.W.2d 582 (2014).

(Emphasis in original.)

The district court rejected the State's argument that the facts alleged as filed in case No. CR 19-106 constituted an entirely different set of facts from the prior information filed in case No. CR 17-183. The court then noted that although it appeared both parties had reviewed the record, only Sailors had conducted a speedy trial analysis, and that his analysis, using the tacking method, determined a combined 256 days had passed since the filing of the informations in cases Nos. CR 17-184 and CR 19-106, exceeding the 6-month statutory speedy trial period. The court noted:

> [The State] simply argues [that the current case] is an entirely different set of facts and appears to rest on that argument without addressing a speedy trial calculation. As noted above, that argument is not supported by the facts contained in either affidavit contained in the transcripts or the arguments made by the [State] in previous motions.

The court then found that the State had failed to meet its burden of showing, by a preponderance of the evidence, that one or more of the excluded time periods under the speedy trial statute were applicable when more than 6 months had passed since the filing of the informations. Further, the court held that "[b]ecause the [State] has not presented any evidence that one or more of the excludable periods under the speedy trial statute are applicable under these circumstances, it has failed to meet its burden of proof and [Sailors'] Motion for Absolute Discharge should be granted."

The State filed an application for leave to file an appeal, which this court granted.

## ASSIGNMENTS OF ERROR

The State contends that the district court erred in granting Sailors' motion for absolute discharge based upon its findings that (1) the 2019 charge was not separate and distinct from the 2017 charge and (2) the State had failed to meet its burden of proof by a preponderance of the evidence to overcome Sailors' motion for absolute discharge.

## STANDARD OF REVIEW

[1] Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Chapman*, 307 Neb. 443, 949 N.W.2d 490 (2020); *State v. Lovvorn*, 303 Neb. 844, 932 N.W.2d 64 (2019).

## ANALYSIS

### SEPARATE AND DISTINCT CHARGES

The State's first assignment of error is that the district court erred in granting Sailors' motion for absolute discharge on speedy trial grounds, which was based upon the court's finding that the 2019 charge was not separate and distinct from the 2017 charge. The State argues that the 2019 charge was separate and distinct from the 2017 charge and that as a

result, the district court erred in utilizing the doctrine of tacking and tolling.

The statutory right to a speedy trial is set forth in Neb. Rev. Stat. §§ 29-1207 and 29-1208 (Reissue 2016). *State v. Chapman, supra*. The speedy trial statutes set a 6-month deadline in which a defendant must be brought to trial, but also provide that such time "shall be computed as provided in this section." § 29-1207(1). Section 29-1207(4) goes on to provide a number of circumstances in which the 6-month clock to bring a defendant to trial is essentially stopped. *State v. Chapman, supra*.

[2-5] To calculate the time for speedy trial purposes, a court must exclude the day the complaint was filed, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4) to determine the last day the defendant can be tried. *State v. Chapman, supra*. The burden of proof is upon the State to show that one or more of the excluded time periods under § 29-1207(4) are applicable when the defendant is not tried within 6 months. *State v. Chapman, supra*. The State must prove the existence of excluded time by a preponderance of the evidence. *Id.* Under § 29-1208, if a defendant is not brought to trial before the 6-month deadline, as extended by any excluded periods, expires, he or she is entitled to absolute discharge from the offense charged and for any other offense required by law to be joined with that offense. *State v. Chapman, supra*.

[6,7] When an information is dismissed and later refiled, the doctrine of tacking allows joining or combining periods which have a nexus for continuity of time involved in separated events or actions. *State v. Sumstine*, 239 Neb. 707, 478 N.W.2d 240 (1991). The Nebraska Supreme Court explained the doctrine of tacking and tolling in *State v. Hettle*, 288 Neb. 288, 295, 848 N.W.2d 582, 590 (2014):

Under this tacking-and-tolling approach, the time between dismissal of an information and refiling is not includable, or is tolled, for purposes of the statutory 6-month

period. However, any nonexcludable time that passed under the original information is tacked onto any non-excludable time under the refiled information, if the refiled information alleges (1) the same offense charged in the previously dismissed information, (2) an offense committed simultaneously with a lesser-included offense charged in the information previously dismissed by the State, or (3) commission of a crime that is a lesser-included offense of the crime charged in the previously dismissed information. Without this approach, whenever a prosecutor desired a postponement of trial beyond the statutory 6-month period, the State could regularly evade the Nebraska speedy trial act simply by dismissing a charge and refiling the same charge to acquire a new 6-month period.

Applying the foregoing, the district court was correct in combining the nonexcludable time in case No. CR 17-183 with that in case No. CR 19-106 if case No. CR 19-106 alleged (1) the same offense charged in the previously dismissed information, (2) an offense committed simultaneously with a lesser-included offense charged in the information previously dismissed by the State, or (3) commission of a crime that is a lesser-included offense of the crime charged in the previously dismissed information. See *State v. Hettle, supra*.

The State argues that the information filed in case No. CR 17-183 related to a different offense from that filed in case No. CR 19-106. In support thereof, the State argues that case No. CR 17-183 related to the incident which took place on May 30, 2017, where Sailors "arranged" for the purchase of methamphetamine from a confidential informant, whereas case No. CR 19-106 related to the incident which took place on May 25, 2017, where Sailors actually sold methamphetamine to a confidential informant. The State argues that because these were independent incidents and crimes, one cannot be combined with the other. During oral argument, the State referred to the affidavit of "Probable Cause for Warrantless

Arrest" designated as "exhibit 4," which mentions both the May 25 sale of methamphetamine by Sailors and the May 30 purchase arranged by Sailors where the confidential informant attempted to make a purchase from an individual at the same residence. The State then asserted that count I in case No. CR 17-183 related to the May 30 incident and not to the May 25 incident.

But contrary to the State's argument here that the State originally charged Sailors in case No. CR 17-183 with the "arranged" buy which took place on May 30, 2017, the record is inconsistent with that position. On October 31, the State filed an information against Sailors alleging in count I that "on or about May 30 . . . then in Gage County, Nebraska, [Sailors] did knowingly or intentionally distribute, deliver, dispense, or possess with intent to distribute, deliver, or dispense a controlled substance, to wit: Methamphetamine, an exceptionally hazardous drug." The State also alleged in count II of that same information that on or about that same date, Sailors conspired to distribute methamphetamine, but it later dismissed count II when it sought to amend count I, as provided in more detail below.

On November 21, 2018, approximately 7 days before the scheduled jury trial in case No. CR 17-183, the State filed a motion to "correct a [scrivener's] error made at the time of drafting Count I of the Information as it relates to the offense date." In connection with that filing, the State provided:

> In support of the foregoing motion, [the State] states that the offense in Count I - Delivery of a Controlled Substance, Methamphetamine was alleged in the Affidavit of Probable Cause and as reflected in the reports and evidence provided to counsel for [Sailors]. "The District Court, before trial, may in its discretion permit amendment of the criminal information, provided the amendment does not change the nature or identity of the offense charged and the amended information does not charge a crime other than the one on which the accused

had his preliminary examination." State v. Costello, 199 Neb. 43, 356 N.W.2d 97 (1977) ([h]olding it was not error to permit the amendment of the information on the day before trial to correct the date of offense, as it did not change the nature or identi[t]y of the crime charged). [The State] further states that [Sailors] would not be prejudiced by such an amendment.

Wherefore, [the State] requests that the Court enter an Order allowing the State to amend the Information to dismiss Count II and to allege the proper offense date "on or about *May 25, 2017*", to be consistent with the facts and evidence as reflected in the Affidavit of Probable Cause.

(Emphasis in original.) If there was any ambiguity as to the date associated with the charge in count I of the information in case No. CR 17-183, that ambiguity was resolved by the State's motion for leave to amend the information. In that filing, the State affirmatively represented to the court that the date associated with the charge against Sailors in count I of the information in case No. CR 17-183 was May 25, 2017. The State cannot be heard to now argue that the charge in count I of case No. CR 17-183 relates to a different date.

Having resolved that the district court did not err in finding that the charge in count I of cases Nos. CR 17-183 and CR 19-106 related to the same set of facts, we must next consider whether the matters charged in cases Nos. CR 17-183 and CR 19-106 require the tacking of nonexcludable time in calculating the time for speedy trial purposes.

A factual scenario similar to the instant case was considered by the Nebraska Supreme Court in *State v. Sumstine*, 239 Neb. 707, 478 N.W.2d 240 (1991). In *Sumstine*, the State charged the defendant in June 1989 with second degree arson, alleging that she "intentionally set fire to her apartment building . . . on April 29, 1989, a violation of Neb. Rev. Stat. § 28-503(1) (Reissue 1989): 'A person commits arson in the second degree if he or she intentionally damages a building by starting a fire . . . .'" 239 Neb. at 709, 478 N.W.2d at 242. In November

1989, the State dismissed the information. In January 1990, the State filed another information

> charging [the defendant] with first degree arson, a violation of § 28-502(1), which states: "A person commits arson in the first degree if he or she intentionally damages a building by starting a fire . . . when another person is present in the building at the time and either (a) the actor knows that fact, or (b) the circumstances are such as to render the presence of a person therein a reasonable probability." The 1990 arson charge alleged that [the defendant] set fire to her apartment building . . . on April 29, 1989, and, in accordance with § 28-502(1), contained the allegation concerning a person's presence in the building set afire.

*State v. Sumstine*, 239 Neb. at 709, 478 N.W.2d at 242. Thereafter, the defendant moved to dismiss the first degree arson charge on the basis of violation of her statutory right to a speedy trial. In arguing her dismissal before the district court, the defendant

> contended that the previous second degree arson charge in 1989 was a "lesser grade felony" included within the pending first degree arson charge in 1990; therefore, the time during which the second degree charge was pending should be "tacked" to the period of pendency for the first degree arson charge, resulting in expiration of 6 months without [the defendant's] trial and entitling her to absolute discharge from the first degree arson charge.

*Id.* at 710, 478 N.W.2d at 243. In considering whether the defendant's statutory right to a speedy trial had been violated, the Nebraska Supreme Court stated:

> The initial information charged [the defendant] with second degree arson in intentionally setting fire to her apartment building on April 29, 1989, a violation of § 28-503(1). The subsequent information charged [the defendant] with intentionally setting fire to the same building described in the initial information and setting

that fire on the same date alleged in the initial informa-
tion. However, since the charge in the subsequent infor-
mation was first degree arson, the second information
contained the additional allegation that "another person"
was present in the apartment building when [the defend-
ant] allegedly set fire to the structure. See § 28-502(1).
As far as the record reflects, all information concerning
the arson charges was available to the State at the time
the initial information was filed in 1989. Therefore, with
the exception of the allegation concerning the presence
of another person within the building set afire, both
informations had the same allegation that [the defend-
ant] had intentionally set fire to her apartment building
on the specific date mentioned in the informations. The
identity of allegations for the arson offenses supplies a
legal and rational nexus for the two informations against
[the defendant]. Moreover, in describing a lesser-included
offense, we have stated: "To be a lesser-included offense,
the elements of the lesser offense must be such that
it is impossible to commit the greater offense without
simultaneously committing the lesser offense." *State v.
Olsan*, 231 Neb. 214, 219, 436 N.W.2d 128, 132 (1989).
Consequently, the arson charged in the initial informa-
tion was a lesser-included offense of arson charged in
the subsequent information filed against [the defendant],
since, under Nebraska law applicable in the present case,
[the defendant], as charged by the informations, could not
have committed first degree arson without simultaneously
committing second degree arson.

*State v. Sumstine*, 239 Neb. 707, 716-17, 478 N.W.2d 240, 246
(1991). Having concluded that the matter charged in the first
information was a lesser-included offense of the matter charged
in the second, our Supreme Court held:

[W]hen the State dismisses an information against a
defendant and subsequently files an information against
the defendant which alleges (1) the same offense charged

in the previously dismissed information, (2) *an offense committed simultaneously with a lesser-included offense charged in the information previously dismissed by the State*, or (3) commission of a crime that is a lesser-included offense of the crime charged in the previously dismissed information, time which elapses during pendency of the informations shall be charged against the State in determining the last day for commencement of a defendant's trial pursuant to the Nebraska speedy trial act.

*Id.* at 719, 478 N.W.2d at 247 (emphasis supplied).

[8,9] Applying the same principle here, we now look to determine whether the State similarly charged a lesser-included offense in case No. CR 17-183 of the one ultimately charged by the State in case No. CR 19-106. In making that determination, we look to the elements of the crime and not to the facts of the case. *State v. Rocha*, 295 Neb. 716, 890 N.W.2d 178 (2017). The test for determining whether a crime is a lesser-included offense is whether the offense in question cannot be committed without committing the lesser offense. *Id*.

In the instant case, Sailors was originally charged by information with distribution of methamphetamine in violation of § 28-416(1)(a), which states that "[e]xcept as authorized by the Uniform Controlled Substances Act, it shall be unlawful for any person knowingly or intentionally: . . . To manufacture, distribute, deliver, dispense, or possess with intent to manufacture, distribute, deliver, or dispense a controlled substance[.]" The subsequent information charged Sailors with a violation of § 28-416(4)(a)(ii). Section 28-416(4)(a) describes, in pertinent part:

Except as authorized by the Uniform Controlled Substances Act, any person eighteen years of age or older who knowingly or intentionally manufactures, distributes, delivers, dispenses, or possesses with intent to manufacture, distribute, deliver, or dispense a controlled substance . . . (ii) in, on, or within one thousand feet of the

real property comprising a public or private elementary, vocational, or secondary school, a community college, a public or private college, junior college, or university, or a playground . . . .

From a review of the elements of each offense, it is apparent that it is not possible to commit the greater offense of knowingly or intentionally manufacturing, distributing, delivering, dispensing, or possessing with intent to manufacture, distribute, deliver, or dispense a controlled substance in, on, or within 1,000 feet of real property comprising a school, college, university, or playground in violation of § 28-416(4)(a)(ii) without also committing the offense of knowingly or intentionally manufacturing, distributing, delivering, dispensing, or possessing with intent to manufacture, distribute, deliver, or dispense a controlled substance in violation of § 28-416(1)(a). The greater offense found in § 28-416(4)(a)(ii) includes additional elements of requiring that the defendant be 18 years of age and that the offense occur in, on, or within 1,000 feet of real property comprising a school, college, university, or playground. Thus, the statutory offense of § 28-416(1)(a) is a lesser-included offense of § 28-416(4)(a)(ii).

Having determined that the 2019 offense was based upon facts identical to those of the 2017 offense and that the 2017 charge was a lesser-included offense of the 2019 charge, we hold the district court did not err in finding that the time which elapsed during the pendency of the 2017 and 2019 informations should be combined in determining the last day for commencement of Sailors' trial pursuant to the Nebraska speedy trial act. This assigned error fails.

## Motion for Absolute Discharge

The State's second assignment of error is that the district court erred in finding that it had failed to meet its burden of proof by a preponderance of the evidence to overcome Sailors' motion for absolute discharge.

Before doing so, we first note that Sailors' motion for absolute discharge actually stated: "[T]he State did not bring

[Sailors] to trial in a speedy fashion guaranteed and preserved by Article I, Section 11, of the Constitution of the State of Nebraska, and the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution." Thus, on its face, Sailors' motion asserted that he was entitled to discharge on constitutional grounds and not under his statutory right to a speedy trial as set forth in §§ 29-1207 and 29-1208. However, he did argue a violation of his statutory right to a speedy trial during the hearing on his motion for absolute discharge.

In making the assessment, the Nebraska Supreme Court has held that "[w]hile the constitutional right to a speedy trial and the statutory implementation of that right exist independently of each other, we have recognized that § 29-1207 provides a useful standard for assessing whether the length of a trial delay is unreasonable under the U.S. and Nebraska Constitutions" and that "it is 'an unusual case' in which the Sixth Amendment has been violated when the time limits under the speedy trial act have been met." *State v. Lovvorn*, 303 Neb. 844, 852, 932 N.W.2d 64, 70 (2019). Accordingly, because the statutory speedy trial clock will inform our thinking governing Sailors' constitutional challenge and because, during the hearing, Sailors appeared to expand his motion to include a challenge under Nebraska's speedy trial statute, we would now normally proceed to review the district court's statutory speedy trial calculation.

[10,11] The Nebraska Supreme Court explained in *State v. Lintz*, 298 Neb. 103, 106-07, 902 N.W.2d 683, 686-87 (2017):

Addressing a claimed denial of statutory speedy trial rights in a motion for discharge involves a relatively simple mathematical computation of whether the 6-month speedy trial clock, as extended by statutorily excludable periods, has expired prior to the commencement of trial. See *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009). But in ruling on a motion to discharge, this court unequivocally requires specific findings regarding the statutorily excludable periods: "Effective March 9,

2009, when ruling on a motion for absolute discharge pursuant to [Neb. Rev. Stat.] § 29-1208 [(Reissue 2016)], the trial court shall make specific findings of each period of delay excludable under § 29-1207(4)(a) to (e), in addition to the findings under § 29-1207(4)(f) . . . . Such findings *shall* include the date and nature of the proceedings, circumstances, or rulings which initiated and concluded each excludable period; the number of days composing each excludable period; and the number of days remaining in which the defendant may be brought to trial after taking into consideration all excludable periods." (Emphasis supplied.) *State v. Williams*, 277 Neb. at 143-44, 761 N.W.2d at 524. Therefore, the county court, as part of its ruling on [the defendant's] motion for absolute discharge, was required to set forth the above calculation as part of its findings in applying . . . § 29-1207(4)(d) (Reissue 2016), but it did not.

We require this calculation of any excludable days pursuant to § 29-1207(4)(d) to facilitate appellate review. See *State v. Williams, supra*. A trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. See *State v. Hettle*, 288 Neb. 288, 848 N.W.2d 582 (2014). But we cannot review whether the trial court's determination of the facts is erroneous unless such factual determination is complete. Certainly, we appreciate the county court's issuing a written order, but without a computation as required by *State v. Williams, supra*, we cannot conduct a proper review.

Here, the district court did not include a calculation of excludable days in its order granting Sailors' motion for absolute discharge on speedy trial grounds. The district court's rationale for not including a speedy trial calculation was as follows:

It appears both parties reviewed the record in this matter but only [Sailors] conducted a speedy trial analysis

based on that record. [Sailors] suggests this matter should be dismissed on speedy trial grounds because, apparently using the tacking method, . . . he determined a combined 256 days have passed since the filing of the Informations in CR17-183 and CR19-106, in excess of the statutory six month period. [The State] simply argues this is an entirely different set of facts and appears to rest on that argument without addressing a speedy trial calculation. As noted above, that argument is not supported by the facts contained in either affidavit contained in the transcripts or the arguments made by the [State] in previous motions.

The burden of proof is upon the State to show that one or more of the excluded time periods under the speedy trial statute are applicable when the defendant is not tried within six months. To overcome a defendant's motion for discharge on speedy trial grounds, the State must prove the existence of an excludable period by a preponderance of the evidence. *State v. Carrera*, 25 Neb. App. 650, 911 N.W.2d 849 (2018).

On appeal, the State now argues that even if the two informations are combined, because of excludable periods during the pendency of these proceedings, the speedy trial clock has not run and the district court erred in granting Sailors' motion for discharge. Although the State did not make that argument or provide that calculation during the hearing, that does not abrogate the responsibility of the district court to provide a computation of the speedy trial calculation in connection with Sailors' motion for discharge. Stated differently, even though the State did not provide a calculation in connection with its argument to the district court, the record provides a series of pleadings, journal entries, and orders entered in connection with both cases Nos. CR 17-183 and CR 19-106 in which the statutory speedy trial calculation can and must be made. Without that calculation, we cannot determine whether the district court erred in granting Sailors' motion for discharge.

The concurrence and dissent asserts, "I disagree that the district court was required to perform its own speedy trial calculation in this instance, because the State did not produce any evidence to avoid Sailors' motion for absolute discharge other than to argue the 2019 charge was separate and distinct from the 2017 charge." Although we agree the State made no argument to contradict Sailors' speedy trial calculation other than to argue the 2017 and 2019 charges should not be tacked together, we disagree that the State did not produce any evidence to avoid Sailors' motion for absolute discharge. The record contains the pleadings, motions, journal entries, and other filings necessary to make a speedy trial calculation. We respectfully disagree that because the State did not argue to the trial court that Sailors' calculation was erroneous on any basis other than that the two filings should not be tacked together, it necessarily follows that the trial court must accept Sailors' calculation of the speedy trial clock. We read *State v. Lintz*, 298 Neb. 103, 902 N.W.2d 683 (2017), as requiring the district court to perform the calculation, regardless of whether the State orally challenged Sailors' calculation during the hearing, if the State provided a record sufficient for the trial court to calculate it. Here, the record is sufficient for the trial court to make that calculation.

The obligation to exercise that function is significant here. If the district court simply is required to accept Sailors' calculation because the State did not argue in opposition of the calculation during the hearing, then the concurrence and dissent is correct. Stated differently, if the appellate court is required to accept Sailors' calculation that when the case was first dismissed on November 28, 2018, the State had only 43 days to bring Sailors to trial would certainly resolve this case and a remand would serve no purpose. But if this court is not required to accept Sailors' calculation, which was not opposed with argument (other than the State's argument for the non-application of tacking), we cannot say that a remand would necessarily serve no purpose. Accordingly, we reverse, and

remand to the district court with directions to perform a speedy trial calculation as set forth in *State v. Lintz*, 298 Neb. 103, 902 N.W.2d 683 (2017), and *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009).

## CONCLUSION

In sum, we affirm that part of the district court's order finding that in performing a speedy trial calculation, the court should combine all nonexcludable time in cases Nos. CR 17-183 and CR 19-106. However, having determined that the district court erred in failing to perform a speedy trial calculation, we reverse the judgment and remand the cause with directions for the district court to perform a speedy trial calculation.

Affirmed in part, and in part reversed
and remanded with directions.

Bishop, Judge, concurring in part, and in part dissenting.

I agree with the majority opinion except for some portions of the analysis related to whether the State met its burden of proof on the motion for absolute discharge. I also disagree with the majority's decision to remand the matter to the district court with directions to perform a speedy trial calculation. I would simply overrule the State's exceptions.

The majority relies on *State v. Lintz*, 298 Neb. 103, 902 N.W.2d 638 (2017), and *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009), in determining that the district court was required to include its own calculation of excludable days when entering the order granting Sailors' motion for absolute discharge. I disagree that the district court was required to perform its own speedy trial calculation in this instance, because the State did not produce any evidence to avoid Sailors' motion for absolute discharge other than to argue the 2019 charge was separate and distinct from the 2017 charge. Notably, despite it being the State's burden to prove that one or more of the excluded time periods under § 29-1207(4) are applicable when the defendant is not tried within 6 months, see *State v.*

*Shipler*, 17 Neb. App. 66, 758 N.W.2d 41 (2008), the State nevertheless made no argument whatsoever to the trial court to contradict, supplement, or in any way challenge Sailors' speedy trial calculation.

Further, I conclude that *State v. Chapman*, 307 Neb. 443, 949 N.W.2d 490 (2020), clarified the holdings relied upon by the majority to avoid the necessity of requiring the trial court to engage in such calculations under circumstances such as those present here. The Nebraska Supreme Court stated:

> While we have said that we cannot review a trial court's factual determinations for clear error if no such determinations have been made, see *Lintz, supra*, that principle would justify remand for additional factual findings only when there is competent evidence in the record that would allow the trial court to reach more than one factual conclusion without committing clear error. In a case like this one, however, where all agree that there is no competent evidence that would allow the county court to reasonably conclude that [the defendant] received notice of the arraignment . . . remand would serve no purpose.
>
> Because the State did not carry its burden to show that any time was excluded from the speedy trial calculation and because it did not bring [the defendant] to trial within 6 months of the filing of charges, [the defendant] was entitled to absolute discharge.

*State v. Chapman*, 307 Neb. at 450-51, 949 N.W.2d at 495.

Similarly, in this case, the State did not carry its burden to show the existence of any additional excludable time beyond that represented by Sailors. Instead, as noted by the district court, the State "simply argues this is an entirely different set of facts and appears to rest on that argument without addressing a speedy trial calculation." Therefore, as further noted by the district court, "[b]ecause the [State] has not presented any evidence that one or more of the excludable periods under the speedy trial statute are applicable under these circumstances, it has failed to meet its burden of proof and [Sailors'] Motion

for Absolute Discharge should be granted." I agree with the district court that the State failed to meet its burden of proof to establish excludable periods for speedy trial purposes; rather, the State elected to stand solely on its position that the 2019 charge was separate and distinct from the 2017 charge.

To avoid a defendant's absolute discharge from an offense charged, as dictated by § 29-1208, the State must prove by a preponderance of the evidence the existence of a period of time which is authorized by § 29-1207(4) to be excluded in computing the time for commencement of the defendant's trial. *State v. Baird*, 259 Neb. 245, 609 N.W.2d 349 (2000). As specifically pointed out by the district court in its December 26, 2019, order, only Sailors conducted a speedy trial analysis based on the record and determined that "a combined 256 days have passed" in "excess of the statutory [6-month] period." It is evident from the record before us that the information in case No. CR 17-183 was filed on October 31, 2017, and that therefore, the 6-month speedy trial date would have fallen on April 30, 2018. The case was dismissed at the State's request on November 28, which was 212 days past the speedy trial date. Sailors' motion for absolute discharge reflects dates from December 20, 2017, until a scheduled trial date of August 31, 2018, that total approximately 255 days, which were excludable because of motions filed by Sailors. See § 29-1207(4)(b) (excluded periods include periods of delay resulting from continuances granted at request or with consent of defendant or his or her counsel). When the case was dismissed on November 28, it was 212 days past the speedy trial date. Taking into account the 255 excludable days based upon Sailors' representations would have left 43 days for the State to bring Sailors to trial once it filed the information in case No. CR 19-106 on June 18, 2019. That means Sailors' speedy trial date would have run on August 1, unless there were additional excludable periods. Sailors verbally informed the court of his intent to file for absolute discharge on August 14, and the motion was filed on October 15. At the hearing

on the motion for absolute discharge, the State offered no evidence, nor even argued, about any periods of time that should be excluded when conducting a speedy trial calculation.

The only competent evidence presented to the district court regarding excludable periods of time was presented by Sailors; the State chose to present none. Therefore, since there was no competent evidence in the record for the trial court to reach any other conclusion than it did, a remand would serve no purpose. See *State v. Chapman*, 307 Neb. 443, 949 N.W.2d 490 (2020).